## Mahanoy Township *versus* Scholly.

1. The Act of 19th of January 1860, which directs that the supervisor of the township shall give to the lowest and best bidder the contract for making and repairing the roads therein, does not relieve the township of liability for an accident caused by the unsafe condition of its roads.

2. Painter *v.* Pittsburgh, 10 Wright 213, distinguished, and Newton Township *v.* Davis, 27 P. F. Smith, followed.

March 16th 1877. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson, Woodward and Sterrett, JJ.

[Mahanoy Township v. Scholly.]

Error to the Court of Common Pleas of *Schuylkill county* : Of January Term 1877, No. 73.

This was a suit brought by Margaret Scholly, to recover damages for negligence in not repairing the public roads in Mahanoy township, which she alleged occasioned the death of her husband, John Scholly, on the 19th of February 1870. On the 2d of October 1875, the jury rendered a verdict in favor of the plaintiff for $2196.25. The defendant at the trial requested the court to charge the jury, " that by the Act of Assembly of the 19th of January 1860, relative to the selling of the repairing of the public roads in Mahanoy township, all control over the repairing and opening of the roads of the township is put into the hands of a contractor, and the township cannot be held liable for his negligence, and the plaintiff cannot recover in this suit."

The court, Walker, A. L. J., declined to instruct the jury as requested, but reserved the point for further consideration, and after a verdict for the plaintiff on the 4th of October 1875, the court directed a rule to be entered to show cause why the verdict should not be set aside and judgment entered for the defendant *non obstante veredicto.* The evidence showed that in the year 1869, the repairs of the road were let out to a contractor. The sole question, therefore, was whether the Act of 19th of January 1860, Pamph. L. 4, took from the supervisor the entire control of the repairing of the public roads, and relieved the township of Mahanoy from the responsibility of keeping them in good order and safe travelling condition.

The 1st section of the Act of Assembly referred to, requires the supervisor of Mahanoy township, after publishing the proper notices, to give out by public outcry, to the lowest and best bidder, the making and repairing of all the public roads in the township for the ensuing year.

In the 2d section, the supervisor is required to view and inspect the making and repairing of the public roads at least once during every month, and be fully satisfied, before payment be made, that the contractors have fully complied with their contract, for which service he shall receive a certain commission.

The 3d section provides, that each purchaser or contractor of the roads shall, before entering upon his contract, file with the supervisor a bond, approved by the auditors of the township, with sufficient security to the amount of his contract, for the faithful performance of his duties to keep the roads in good repair and save and keep the township harmless from damages in consequence of accident from neglect in keeping the roads in good condition.

The court subsequently discharged the rule and entered judgment for the plaintiff on the point reserved, which, *inter alia*, was the error assigned.

*Hughes & Farquhar, James Ryon, Thomas R. Bannan,* and

*H. M. Darling,* for plaintiff in error.—The purpose of the Act of 1860, was to transfer from the supervisor to the contractor, the obligation of making and repairing all roads : Phillips *v.* Commonwealth, 8 Wright 199. The same principle was ruled in Edge *v.* Commonwealth, 7 Barr 275, under a statute similar to this. The supervisor being relieved of liability, it follows that the township is relieved, whose agent he is. The contractor is not the agent of the township and his negligence cannot impose any liability upon the township : Dean *v.* New Milford Township, 5 W. & S. 544. See, also, Allen *v.* Williard, 7 P. F. Smith 374. There is no room for the doctrine of *respondeat superior* here, for the township, defendant, had no control over the roads or the contractor. It results that the contractor was exercising an independent employment. The defendant in error contends that a municipal body cannot divest itself of its regular functions by contracting with others to perform them, and by that means to relieve itself from liability to third persons resulting from the negligence of the contractor.

The answer to this contention is that bodies, such as townships and boroughs, are the creatures of statute law, their functions are statutory and can be changed at the will of the legislature. The duty to repair roads is merely statutory, and the liability for neglect flows from the duty to repair. Hence, when the duty to repair is removed from the agents of the township and put upon a contractor, as was the case under the Act of 1860, the liability follows the duty. The township was relieved and the contractor took its place as to third persons. This road, where the accident occurred, was originally opened by contract, and continuously kept in repair by contractors up to 1873. The township was never responsible for injuries to third persons.

The authorities to support this view of the case are numerous : Painter *v.* Pittsburgh, 10 Wright 213 ; Allen *v.* Williard, 7 P. F. Smith 374 ;. Rapho *v.* Moore, 18 Id. 404 ; Wray *v.* Evans, Leg. Int., July 7th 1876 ; The Wellsborough and Tioga Plank-road Co. *v.* Griffin, 7 P. F. Smith 417 ; Hilliard *v.* Richardson, 3 Gray 349 ; Hafford *v.* New Bedford, 16 Id. 297 ; Borough of West Chester *v.* Apple, 11 Casey 284 ; Shearman & Redfield on Negligence, pl. 79, 402.

*Jonathan J. Wright* and *Benjamin W. Cumming,* for defendant in error.—Where the employer of the contractor has not relinquished his control over the work to be done he continues liable notwithstanding his contract : Lloyd *v.* Mayor of New York, 5 N. Y. Rep. 369 ; Bailey *v.* Mayor, 3 Hill 531 ; Aldrich *v.* Tripp, 7 Leg. Gazette, 366. The legislature, by the Act of 1860, never contemplated depriving the supervisor of his control over the roads. If the contractor should fail to repair it would be the duty of the supervisor to retain the contract money : Painter *v.*

[Mahanoy Township v. Scholly.]

Pittsburgh, 10 Wright 213, and repair the roads himself, so that the lives of the public should not be imperilled: Woodring v. Forks Township, 4 Casey 355; Township of Newlin v. Davis, 27 P. F. Smith 320. If the township is not liable the party injured may be without redress in case of the insolvency of the contractor: Township of Newlin v. Davis, *infra*. Where is the necessity for a bond to hold the township harmless if it is not liable? It is the law which throws the burthen on the township and not the contracts of its supervisors, and it must redeem its legal obligation: Pottsville Borough v. Norwegian Township, 2 Harris 546; Oakland Railway Co. v. Fielding, 12 Wright 320; Pennsylvania and Ohio Canal Co. v. Graham, 13 P. F. Smith 290.

In Painter v. Pittsburgh, cited by plaintiff in error, the accident occurred during and by reason of the progress of the work, and the city had no control over the men employed by the contractors nor over the contractors themselves. Here the supervisors are required by Act of Assembly not only to review and inspect, but to be fully satisfied, before payment, that the contract has been fulfilled. The accountability of the township was fully intended to be reserved: Reed v. Allegheny City, 29 P. F. Smith 300; Perry Township v. John, Id. 412, and Dean v. Milford, cited by plaintiff in error, *supra*.

Mr. Justice GORDON delivered the opinion of the court, May 7th 1877.

The court below fairly and properly instructed the jury upon the points submitted by the parties in this case, and we think there is nothing requiring special discussion, except the question raised by the reserved point, which point is as follows: " That by the Act of Assembly of the 19th of January 1860, relating to the selling of the repairing of the public roads, in Mahanoy township, all control over the repairing and opening of the roads of the township is put into the hands of a contractor, and the township cannot be held liable for his negligence, and the plaintiff cannot recover in this case." Upon this point the court entered judgment for the plaintiff. In this we think they were right. The question is a very simple one; it is but whether the act above mentioned put the contractor in the place of the township in the control and supervision of the roads. Has the township discharged its whole duty to the public, when it has contracted for the making and repairing of its roads? This question is answered in the mere statement thereof. The affirmance of the proposition would be contrary to the express terms of the act itself; for the supervisor is to inspect the making and repairing of the public roads at least once every month, and he is to be fully satisfied that the contracts have been fully complied with before the contractors are paid for their work. Not only so, but these contractors are required to give bond for the proper performance and fulfilment of their several contracts,

[Mahanoy Township *v.* Scholly.]

and also, to save and keep harmless, the township from damages consequent upon accident resulting from neglect in keeping the roads in proper order.

These provisions indicate very clearly the legislative intent to charge the township with the duty of seeing that its roads were properly opened and repaired, and that it should not be relieved from the responsibility of accidents resulting from a want of proper construction or repair. This case has nothing in common with that of Painter *v.* Pittsburgh, 10 Wright 213, and others of that class, for the accident did not happen during the progress of the work and whilst the contractor had the road in his exclusive control, but after it was turned over to the township as a finished job and in proper repair. If, as the jury seem to have found, this road was not of a safe width, or not properly guarded at the place where the accident happened, whose fault was it? Not, surely, of him who had merely the job of keeping it in ordinary repair; it was not his business either to open the way to a proper width or to build guard walls. His whole duty was performed in repairing dilapidations, and if he did this properly he filled his contract, and he was obliged to do nothing more. It may be that the contractor who opened the road, if indeed it were opened by contract, may have been in default; but, if so, the township was no less in default in accepting and opening to public travel a defective highway; it shouldered the responsibility when it approved the defective work. The same rule that applies to the construction of a road must apply as well to its repair; for it is the duty of the township officers not only to contract for the work necessary for the proper maintenance of the highways, but to see that it is properly executed. This is exactly what we ruled in Newlin Township *v.* Davis, 27 P. F. Smith 317; for in that case it was beyond question that it was the duty of the railroad company to build a proper and safe bridge and to keep it so; but we held, notwithstanding, that the township owed the duty to the public to see that it was so built and kept, and that an accident resulting from the want of the performance of such duty was chargeable to the township. If a county contracts for the building of a bridge, and it is accepted and opened for public use, and afterwards, from some gross and obvious defect in the work, it falls and injures some one or destroys his property, may the county defend on the ground that the contractor was in default? Certainly not, for it was the duty of the county officers to see that the contractor did his duty.

Again, the very manner in which this power to contract is exercised must, to a great extent, affect the work to be done. If the contract be for the opening of a road twelve feet in width, when it ought to be twenty-five feet, it is the township, and not the contractor, which is to blame if an accident happens for want of road-room. If the contract be that a road is to be repaired with clay

[Mahanoy Township *v.* Scholly.]

when it should be repaired with stone, no blame ought to attach to the contractor if the rains wash away his work. If, as in the present case, this road should have been protected by a guard wall or railing, whose was the fault that it was not so protected? The person who undertook to keep the way in ordinary repair was not bound to do such work, however necessary for the public safety. Illustrations of this kind might be multiplied indefinitely, but there have been enough to show that, in the very nature of things, the township must be responsible for the proper construction and repair of its roads.

The weak point of the defence is found in the supposition that the power given to the township to contract for the doing of that which before had been done by its officers changed the character of its responsibility to the public. But a little reflection must dispel this idea; for, after all, the roads are the roads of the township, and the means employed by it for their construction can make no difference as to its responsibility for their character. For, whether constructed by contractor or by supervisor they are constructed for the township, and we must come, eventually, to the one final and conclusive question: are they safe or unsafe? If they are in good order it is the township which, by its judicious supervision, has made them so; if unsafe it is the township, alone, that has the money and power to make them safe. On the other hand, those who travel upon these public thoroughfares have no control or power over those who make or repair them, and it is but poor grace to the unfortunate traveller to tell him that his remedy, for the damages he may have suffered, in consequence of a fault beyond his power of remedy, is by suit against some contractor who may be insolvent or out of reach.

The judgment is affirmed.