# Rimby, Appellant, v. Philadelphia.

*Negligence—Municipalities—Defect in street—Independent contractor.*

The principle that a municipal corporation is not responsible for an injury caused by the negligence of an independent contractor has no application, where it appears that the accident causing the injury did not happen during the progress of the work and while the contractor had charge of the street upon which the work was being done, and that the defect in the street was not caused by defective work in construction but by wear from ordinary use, after the work had been completed and the street thrown open for travel.

Where an independent city contractor has finished his work on a street, delivered it to the city, and has been paid eighty per cent of the contract price, the remainder being retained until work elsewhere by the same contractor was finished, and the city has permitted the work to fall into disrepair, and permits it to remain in such condition for months, and accidents at the place are of daily occurrence, a person who is injured by reason of the defect in the street may maintain an action against the city.

Argued Jan. 5, 1904. Appeal, No. 131, Jan. T., 1903, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1898, No. 503, on verdict for defendant in case of Lott Rimby

and Annie Rimby, his Wife, y. Philadelphia.   Before MITCH-
ELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and
THOMPSON, JJ.   Reversed.

Trespass to recover damages for personal injuries.   Before
McCARTHY, J.

The opinion of the Supreme Court states the case.

The court gave binding instructions for defendant.   Plain-
tiff appealed.

*Error assigned* was in giving binding instructions for de-
fendant.

*Ira J. Williams*, with him *F. J. Lambert* and *Simpson &
Brown*, for appellants.—If the negligence of a contractor causes
a continuing danger, and the city, after a reasonable time elapsed,
fails to discover and remedy it, it is liable for injuries caused
by such neglect: Burger v. Philadelphia, 196 Pa. 41; Gilmore
v. P. & R. R. R. Co., 154 Pa. 375; Norristown v. Moyer, 67 Pa.
355; Newlin Township v. Davis, 77 Pa. 317; Mahanoy Twp.
v. Scholly, 84 Pa. 136; Scranton v. Catterson, 94 Pa. 202;
Born v. Plank Road Co., 101 Pa. 334; Allegheny v. Campbell,
107 Pa. 530; Lancaster Ave. Improvement Co. v. Rhoads, 116
Pa. 377; Trego v. Honeybrook Borough, 160 Pa. 76.

The condition of Broad street at that point was a nuisance,
and the city should no more be permitted to maintain a nui-
sance on its highways than upon its own property.   It should
be liable for the one, as it undoubtedly is for the other: Briegel
v. Philadelphia, 135 Pa. 451; Freeman v. Penna. R. R. Co.,
173 Pa. 274; P. & R. R. R. Co. v. Ervin, 89 Pa. 71.

It was negligence to allow the defects to exist for many
months after implied notice was by law imputed to it: Butcher
v.. Philadelphia, 202 Pa. 1; Gschwend v. Millvale, 159 Pa.
257; McLaughlin v. Corry, 77 Pa. 109; McClosky v. Du Bois
Boro., 4 Pa. Superior Ct. 181.

*Thomas D. Finletter*, assistant city solicitor, with him *Joseph
P. Rogers* and *John L. Kinsey*, city solicitor, for appellee.—
In directing a verdict for the defendant in this case, the learned
trial judge followed the principle first established in Pennsyl-

vania in the leading case of Painter v. Pittsburg, 46 Pa. 213.

OPINION BY MR. JUSTICE FELL, February 8, 1904:

The principle established by Painter v. Pittsburg, 46 Pa. 213, that a municipal corporation is not responsible for an injury caused by the negligence of an independent contractor has no application to the facts developed at the trial, for the reasons that the accident did not happen during the progress of the work and while the contractor had charge of the street; and that the defect in the street was not caused by defective work in construction but by wear from ordinary use after the work had been completed and the street thrown open for travel.

The city was engaged in the construction of a subway for the tracks of the Philadelphia & Reading Railroad Company. This was a work of great magnitude, extending over a period of several years, and a number of separate contracts were made for the different kinds of work to be done. In addition to the work of construction, it became necessary to shift the railroad tracks and switches, and to construct new track and freight houses at different points for the temporary use of the railroad company, in order that its operations might not be unnecessarily interfered with. All work of this character was given to one contractor to be done when and where required by the city. He was to be paid eighty per cent of the cost as the work progressed, and twenty per cent on the final completion thereof. By direction of the city he laid a track for the distance of one block on the east side of Broad street for the use of the railroad, although it was never used by it. The rails were laid even with the surface of the street, and the space between them was planked so as not to interfere with the use of this part of the street by wagons. This track was close to the curb and was directly on the line of an asphalt bicycle path, the rest of the street at this place being paved with Belgian blocks. At one end of the block the tracks curved to the east onto a cross street, and at the other end to the west. This was fully completed by the contractor several months before the accident, and eighty per cent of the price was paid by the city. In the use of the street, wagons ran on the rails, and in turning from them at the curves the

wheels wore away the planking. At the north end a rut was worn four feet long, fifteen inches wide and eight inches deep. The plaintiff, riding a bicycle and following the path, ran into the rut and was injured. The rut had been in the street seven or eight months, and about the time of the plaintiff's injury accidents at the place were of daily occurrence.

There was not the slightest evidence of negligence on the part of the contractor. He had done his work as he had agreed to do it, and turned it over to the city. The negligence was on the part of the latter in failing to make repairs. The final payment was retained by the city, not because the work was incomplete, but in order to secure the fulfilment of a contract for all work of this kind, extending over a period of three years. But in any event the city was liable for the defect in the surface of the street. The public were invited to use it, and the duty to maintain it in a reasonably safe condition was on the city: Township of Newlin v. Davis, 77 Pa. 317 ; Mahanoy Township v. Scholly, 84 Pa. 136.

The judgment is reversed with a venire facias de novo.