## Fisher *against* Coyle.

An act of incorporation of a turnpike company vests in them no estate in the soil, but a mere right of way.
If the franchise of a turnpike company extended to the building of toll-houses within the corporate limits, they would forfeit them by turning them to uses foreign to the original purpose.

ERROR to the common pleas of *Dauphin* county.

This was an action of ejectment for about the one sixteenth of an acre of land, in which George Fisher was plaintiff, and the President, Managers and Company of the Lancaster, Elizabethtown and Middletown Turnpike Road, substituted in the room of Wm. Coyle, were defendants. The land in question was occupied by a house which had been built for a toll-house by the defendants, on the ground oc-

[Fisher v. Coyle.]

cupied by the location of the road, but had not been occupied for that purpose, or any other business of the company, for some years before suit brought. Many points were presented to the court below, upon which they were requested to charge the jury, all of which did but present reasons why the plaintiff could not recover; and to which the court (Blythe, president) answered: "This case presents the facts, that the company has erected a house, and enclosed by a fence a part of the plaintiff's land, over which the road is located, and occupies it for purposes unconnected with the road. This is a trespass. It is an illegal and unauthorized occupancy of the plaintiff's land, for which ejectment is the appropriate remedy."

*H. Alricks,* for plaintiff in error.
*M'Cormick* and *Fisher,* contra.

PER CURIAM.—The act of incorporation gives the company no estate in the soil. It gives a right of way merely, and not even a right to build houses on the road for the accommodation of gate-keepers and toll gatherers. Ground for that is to be procured in the ordinary way from the adjoining owners: but even if the franchise extended to the building of houses within the corporate limits, the company would forfeit them by turning them, as was done here, to uses foreign to the original purpose. The plaintiff below, therefore, was in any event entitled to recover on his original ownership against an occupant by wrong. What may be the company's right of re-entry, in order to restore their right of way, it is not necessary to decide, and we intimate no opinion in respect to it.

Judgment affirmed.