## Ridge Turnpike Company *against* Stoever.

To determine whether a toll-house, erected by a turnpike company under their charter within the limits of the road, be authorized, the only question is whether it was built and has been and is still used for that purpose; if that be the case, they are not responsible to the owner of the adjacent soil.

It is otherwise, if they put it up or have used it for any purpose not connected with the road or the collection of tolls.

*Quære* whether the action by the adjacent owner should be in trespass or case. An action of trespass would lie, *Per Kennedy, J.*

ERROR to the District Court for the city and county of *Philadelphia*, in which a verdict and judgment were rendered for the plaintiff. It was the same case which is reported in 2 *Watts & Serg.* 548, and the evidence on this second trial was not materially different from that given on the first. The court charged the jury among other things, that the question was, whether the defendants occupied more of the margin of the road extending along the front of the plaintiff, within the lines of the road, than was necessary to the reasonable and convenient enjoyment of the premises; and this was the principal question in the case. They also charged that an action of trespass was maintainable.

Various errors in these and other points were assigned to the charge. The case was argued by

*Gerhard*, for the plaintiffs in error; and
*C. Ingersoll* and *Earle*, contra.

The opinion of the Court was delivered by

KENNEDY, J.—Whether the plaintiff below, even admitting him to have been injured in his right to the *locus in quo*, and damnified by the acts of the defendants there, can maintain and recover compensation for his loss in the present form of action, which is trespass, is a question which claimed the particular attention of the counsel of the plaintiffs in error on the argument of the cause, and to which they seemed to look with some degree of confidence for a negative answer from this court. But from the view taken by this court of the case as presented by the record and the evidence therein contained, it is unnecessary to decide this question;

[Ridge Turnpike Company v. Stoever.]

though I am inclined to think, and only speak for myself, that whenever a proper case for the recovery of damages by the owner of land, upon which a turnpike company have entered and constructed a road for public use under the authority of the law, shall be made out by the owner of the soil by his showing that the company have entered upon and used it for a purpose not authorized by law, and different from any thing that is either expressly or impliedly sanctioned by their Act of incorporation, the form of action to obtain redress may be trespass as here. It seems to me that such form of action may be maintained upon the general principle, which I take to be well settled, that wherever the law has given a person or company a right to enter upon the land of another for a special purpose, and such person or company enters for a different purpose not authorized by law, he or they will be regarded as trespassers, and may be sued as such by the owner of the land. But in the case before us, it appears from the evidence that the defendants below, who are the plaintiffs in error, long after they had entered upon the *locus in quo* and there constructed the road under their act of incorporation authorizing them to do so, entered thereon for the purpose of erecting a toll-house for the accommodation and residence of whomsoever they should appoint to receive and collect their tolls: and this by law, according to the decision of this court, they had a right also to do. *Vide* 2 *Watts & Serg.* 548.

But it has been argued for the defendant in error, who was the plaintiff below, that the plaintiffs here have taken and occupy more ground than is reasonable for a toll-house and the accommodation of a toll-gatherer and his family. And the court below conceiving that this was all that the plaintiffs in error could claim to use for such purpose, left it as a question of fact to the jury to be decided by them, whether the plaintiffs in error had not occupied an unreasonable quantity of the defendant in error's land, though within the limits of the road, for their toll-house and its incidental purposes; with the instruction that if they had, then this action might be maintained and the plaintiff below was entitled to recover. In this, however, we think that the court erred: for the right of the company to build a toll-house within the limits of the ground appropriated and set apart for the road, does not depend upon any prescribed or fixed size or dimensions of the house, provided it does not interfere with the right of way which the public have to pass and repass. If it should happen to interfere with or unnecessarily obstruct this right, the company may perhaps be indicted for having erected a public nuisance, unless some other remedy be prescribed by their Act of incorporation, or some other Act of the legislature. It is not only proper, but expedient, that the size and dimensions of the toll-houses put up on the road for the accommodation of toll-gatherers and their respective families should be left to the honest discretion and judgment of the com-

[Ridge Turnpike Company v. Stoever.]

pany, because they undoubtedly have a better opportunity afforded them of determining what may be requisite and convenient in this respect, than those generally who have had no concern with the management of the road. And hence as long as such houses are erected by them with no other view and for no other purpose than the accommodation and convenience of toll-gatherers and their families, so as at all times and seasons to facilitate the speedy collection of the tolls, and prevent all possible delay that otherwise might happen on account thereof to travellers or passengers on the road, they must be regarded as acting within the scope of the authority conferred on them by law. In order, therefore, to determine whether a house erected by a turnpike company within the limits of the road be authorized, and the occupation of it be still lawful, it is only necessary to ascertain whether it was built for a toll-house and has been and is still used by the company for that purpose; and if this shall appear to be the case, all further inquiry in general would seem to be unnecessary. If, however, it can be shown that the company, after putting up the house, have used it for any purposes not connected with the road or the collection of the tolls, they may thereby have rendered themselves liable to the owner of the soil for such unlawful occupation of it. Or if, after having erected and used a toll-house as such within the limits of the road for some time, they cease to use it for that purpose, and use it for a different purpose, as, for instance, by letting it to others for a dwelling-house, they may doubtless be made liable to the owner of the soil for this latter use, which was not warranted by law. *Vide Fisher* v. *Coyle*, (3 *Watts* 407, 8), where this point would seem to have been decided by this court, but nothing more. What is there said in regard to the company's not having a right to build a house for the accommodation of their gate-keepers and toll-gatherers on the ground of the road, was not the point before the court, and is corrected in 2 *Watts & Serg.* 548.

But in this case it is abundantly clear that the plaintiffs in error at no time used the house in question, and the improvements connected with it, for any other purpose than for a toll-house and for the accommodation of their toll-gatherer and his family. Indeed, there does not appear to be the slightest pretence for insinuating that the company ever designed or intended to use it for any other purpose. Under this view of the case it is plain that the plaintiff below has no cause of action. And that such a view is correct, might be further illustrated by showing that the direction given by the court below to the jury could lead to or produce no practical and determinate result, especially where the finding of the jury shall be, as was the case here, for the plaintiff. From the finding of the jury it is impossible for the defendants to know wherein and to what extent their toll-house and the improvements connected with it have exceeded, in the estimation of the jury,

[Ridge Turnpike Company v. Stoever.]

the reasonable limits which the court advised them it was their duty to confine the defendants below to. What may be reasonable limits in such case is certainly not a matter capable of being ascertained by any fixed standard. It is obvious that it must depend upon the various views which different men and different juries may, from their experience or want of experience, take of it; hence various and different opinions will be formed and entertained on the subject. So that if the defendants were, even after consulting every juror who tried the cause, to reduce the limits of their toll-house and its appurtenances within the compass considered reasonable by the jury who tried the cause, they may, notwithstanding, be sued again by the plaintiff, and mulcted a second time in damages by a new jury, who may think that more ground is still occupied by the defendants than is reasonable for their toll-house and its appurtenances. But this second verdict against them will afford them no further light as to what they shall do in order to protect themselves against a third suit and recovery, than the first verdict does against the second. A principle, therefore, attended with so much uncertainty as well as inconvenience in practice, could never have been intended by the legislature, and ought not to be adopted or sanctioned by this court.

Judgment reversed.