## Borough of Susquehanna Depot *versus* Simmons and Wife.

1. A municipal corporation, granting to one a license for a purpose proper and lawful, in this case to lay a private water-pipe in the street, is not liable to one injured by reason of the misuse or abuse of that license, whether the same be by an independent contractor for the work from. the licensee, or by the licensee himself.

2. That the street commissioner, or other authorities of the municipality had knowledge, that the said license was being misused or abused by the independent contractor of the licensee or by the licensee himself, in that the excavations for water-pipes in the streets were left in an

unguarded and dangerous condition, will not render the municipality liable for damages resulting from such misuse or abuse of the license.

March 16th, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, GREEN and CLARK, J J. STERRETT, J., absent.

ERROR to the Court of Common Pleas of *Susquehanna County :* Of January Term, 1886, No. 46.

This was an action on the case brought by O. H. Simmons and Sarah Ann Simmons, his wife, in right of said wife, against the Borough of Susquehanna Depot, to recover damages for injuries sustained by the wife from falling into a ditch which, she alleged, the defendant had permitted to be dug in the streets of said borough, and had negligently left without guards, notices or warnings. Plea, not guilty.

O. H. Simmons also brought a similar action against the defendant to recover damages for expense incurred and for loss of services of his wife which he alleged he had suffered by reason of the same negligent act of the defendant. Plea, not guilty.

Both cases were tried together before the same court and jury, and argued together in the Supreme Court.

The following are the facts as they appeared on the trial, before MORROW, P. J., holding a special court in the 34th Judicial District :

The defendant was incorporated as a borough at August Term, 1853. Willow street was a public street in said borough prior to and during the summer of 1877. On the 6th day of August, 1877, Dr. E. N. Smith asked and obtained leave of the borough authorities of Susquehanna Depot, the defendant corporation, to dig a ditch and lay a pipe on Willow street, to conduct the water from his residence to certain other houses which he owned. Dr. Smith purchased the pipe and boxing for the same, and placed them upon the ground, and then entered into a contract with Jonas Florence, a carpenter and builder, residing at Susquehanna, to do all the work connected with the job for the gross sum of $25.00.

Florence dug a ditch for the pipe along Willow street from six to eight inches from the sidewalk, but neglected to put up guards except at the street-crossing.

On the evening of August 15th, 1877, Mrs. Simmons was at a festival in a hall, one of the entrances to which was on Willow street in said borough. She left the hall about ten P. M., by the entrance opening on Willow street, and in attempting to go directly across the street at a point where there was no foot or crosswalk, fell into the ditch and injured her left knee.

From this injury, she claimed, a chronic inflammation of
2 AMERMAN—25.

the joint, called *synovitis*, followed, which permanently crippled her.

On July 30th, 1878, the plaintiffs brought two actions of "Trespass on the Case" against Dr. E. N. Smith, in the Court of Common Pleas of Susquehanna County, the first in right of Mrs. Simmons for this injury, and the other in right of her husband, for loss of services, etc.

The action in right of Mrs. Simmons was called and tried in said county, at August Term, 1882, and on Aug. 26th, 1882, the jury rendered a verdict in favor of Mrs. Simmons for $1,200, MORROW, P. J., holding that the borough had no power to give Dr. Smith a license to do this work upon Willow street, and the excavation was a public nuisance. Dr. Smith sued out a writ of error, and the case was heard at January term, 1883, the judgment reversed, and a new trial awarded, the Supreme Court holding that the work was a lawful one, and that Jonas Florence was an "independent contractor," and alone liable: Smith *v.* Simmons, 7 Out., 32. The plaintiffs then discontinued their action against Dr. Smith, and on August 9th, 1883, commenced these actions against the borough, claiming that, as Jonathan Baldwin, street commissioner, had frequently passed up and down Willow street during the progress of this work, he should have taken notice of the condition of this ditch, and properly guarded it, and that the borough is liable for his negligence in not doing so.

The only evidence of actual notice to defendants was that at one time, when Jonas Florence was erecting a guard at the Grand street crossing, he called the street commissioner's attention to it, asking him if he considered that guard sufficient.

The defendant submitted, *inter alia,* the following point:

7. The undisputed evidence being that the excavation complained of in this case was made by Jonas Florence, a person in the employ of Dr. E. N. Smith, for the private benefit of Dr. Smith, under a license obtained by said Smith from the corporate authorities, the borough defendant is not liable for the negligent manner in which the work was done, and the verdict must be for the defendant.

Answer: This is affirmed if the jury find that the borough authorities had no knowledge of its dangerous condition.

Verdict for the plaintiff, Sarah Ann Simmons, in the first case for $2,500, and judgment thereon.

Verdict for the plaintiff, O. H. Simmons, in the second case, for $1,500, and judgment thereon.

The defendant thereupon took these writs, assigning for error, *inter alia,* the answer of the court to the defendant's seventh point.

[Susquehanna Depot *v.* Simmons and Wife.]

*M. M. Riley* and *E. L. Blakeslee* (*R. M. Lannon* and *M. J. Larabee* with them), for plaintiff in error.—This court have already held that the work which the borough authorized to be done, was a lawful one; that Florence, who performed the work, was an "independent contractor," and that Dr. Smith, for whose sole benefit the work was being done, is not liable for the consequence of Florence's negligence in leaving the ditch unguarded: Smith *v.* Simmons, 7 Out., 32.

The doctrine that a municipal corporation is not liable for the negligence of a contractor in its employ, who undertakes to do a specific work, for a gross sum, and who represents the will of the employer only as to the result to be obtained, and not as to the manner in which the work shall be performed, is too well settled in Pennsylvania to admit of argument: Wharton on Negligence, § 181; Thompson on Negligence, vol. 2, p. 740; Painter *v.* Pittsburgh, 10 Wr., 213; Reed *v.* Allegheny, 79 Pa. St., 300; Allen *v.* Willard, 7 P. F. S., 347; Hunt *v.* R. R. Co., 1 Id., 475; Wray *v.* Evans, 30 Id., 102; Erie *v.* Caulkins, 4 Norris, 247.

*W. H. & H. C. Jessup* and *McCollum* (*Searle & Smith* with them), for defendants in error.—In granting permission to Dr. Smith to obstruct the street, and make dangerous excavations, the borough council had the right to make terms; that all possible and reasonable measures of security should be taken to guard the public from accident. If they neglected their duty to citizens who pay the taxes and had the right to expect their servants (the borough officers) to take reasonable precautions to protect them from loss, it certainly ought not to be urged as a reason why an entirely innocent party, using all proper precaution; whose acts in no way contributed to the injury, should be left without remedy.

In Borough of Nanticoke *v.* Warne, Mr. Justice TRUNKEY says: "Whatever the law may be in other states, in Pennsylvania, townships and boroughs are bound to keep the roads and streets in repair, and are liable for injuries resulting solely from negligence in performing that duty:" 16 W. N. C., 44.

"A municipal corporation is bound to keep the streets, roads and bridges, over which it has jurisdiction, in repair:" Fritsch *v.* City of Allegheny, 8 W. N. C., 319.

"When the temporary occupation of the road by a person engaged in building is necessary, due care must be taken to guard the public from the danger; and if this be left undone the corporation is answerable for the injury occasioned by the obstruction, if sufficient time elapsed, for the corporation by reasonable vigilance to have discovered the obstruction and provided a safeguard:" Born *v.* Plank Road Co., 12 W. N. C., 283.

" A municipal corporation is primarily bound to keep excavations which it permits to be made in a street, properly guarded, and cannot cast this obligation on the contractor for the work, unless he has expressly assumed it: " City of Buffalo *v.* Holloway, 7 N. Y., 493.

We think the case of City of Allegheny *v.* Campbell, 11 Out., 535, rules this case.

Mr. Justice GORDON delivered the opinion of the court, April 12th, 1886.

The question before us is, who is responsible for the injury which befell Sarah Ann Simmons, in consequence of her fall into the ditch dug in Willow street of the borough of Susquehanna Depot, by Jonas Florence? In the case of Smith *v.* Simmons, 7 Out., 33, we held that the only person responsible for this accident was this Jonas Florence who made the aforesaid excavation. The license authorizing it was for a purpose proper and lawful, hence the blame must attach to the person who misused or abused that license, and not to the borough. In the case cited it was determined that an action for the damages thus sustained would not lie against Dr. Smith, the licensee of the borough, because in the exercise of a lawful right, he had contracted with Florence to execute the entire job, and as, after the conclusion of such a contract, he had no supervision or control over the manner in which the work should be executed, so he was not responsible for the contractor's negligence. Now, why the borough should be liable we cannot well understand. It is true, the municipality has charge over its streets, and must keep them in proper repair; it is bound to see that there is no obstructions therein, and is responsible for accidents that may happen from the neglect of the duties thus imposed upon it by law. But to this general rule there are exceptions that are universally recognized. For the purpose of constructing sewers, or laying water or gas pipes, the municipality may dig up and obstruct its own streets without committing a nuisance, though these highways may be thereby altogether obstructed, business impeded, and the citizens injured. In like manner all that is here mentioned may be done by an independent corporation over which the borough or city, as the case may be, has no control. It is therefore to no purpose to cite authorities which illustrate only the general rule, and have no bearing whatever, upon the well recognized exceptions.

It is settled that the defendant had the right to grant the license to dig the ditch complained of; in this it did nothing unlawful. How then, is it responsible for the negligent act of Florence? It certainly cannot be contended that its responsi-

[Susquehanna Depot *v.* Simmons and Wife.]

bility would be greater in a case such as this, than if Florence had been acting under a contract with the borough instead of Dr. Smith. Yet under such a contract it would not have been liable. His employment was independent of the control and direction of the person with whom he had contracted. He was in the lawful possession of the street in which the water pipes were to be laid, and, as was said in The City of Erie *v.* Caulkins, 4 Norris, 247, the borough could not fill up the trench which he dug, or erect barriers which he might not tear down if they obstructed his work. The authorities supporting the principle here stated are many, and when we refer to Painter *v.* The Mayor, 10 Wr., 213; Hunt *v.* The Pennsylvania R. R. Co., 1 P. F. S., 475; Allen *v.* Willard, 7 Id., 374, and Reid *v.* The City, 29 Id., 300, we have by no means exhausted the list. The counsel for the defendants in error lay much stress upon the case of The City of Allegheny *v.* Campbell, 11 Out., 535, and profess to think that it rules the contention in hand. It does nothing of the kind, and it is wide of the point in controversy. In that case the plaintiff occupied the place of lessee of the defendant inasmuch as he paid the city wharfage for the use of the landing, and the city was bound to keep it in proper repair. In this the position of the parties was that of landlord and tenant under a lease containing a covenant on part of the former to keep the premises in repair, in which case the landlord would, of course, be liable to the tenant for damages resulting from a breach of such covenant. The like remarks fit the case of Pittsburgh *v.* Grier, 10 Harris, 54. So, a like reasoning may be applied to distinguish the case in hand from that of Born *v.* The Plank Road Co., 12 W. N. C., 283, for there the corporation collected tolls for the use of its road, hence, it was rigidly held to such an oversight of its way as to guard travellers from obstructions of every kind, whether occasioned by its own act or that of a stranger.

If, as was said in Smith *v.* Simmons, the excavation had been *per se* a nuisance, the case would be different, for in that event the public authorities would have been bound to abate it as soon as they had knowledge of the obstruction, but not being a nuisance, but lawful, the borough cannot be held for an accident happening thereby, and Florence alone must be regarded as responsible for the injury resulting to the plaintiff from his neglect. He, doubtless, would have been pursued in the first instance but for his alleged insolvency, nevertheless, it does not follow that for this reason the borough must foot the bill, otherwise it must become the guarantor of the solvency of every contractor who may work on its streets. We conclude, then, in view of the evidence as we have it before us, that the court should have answered the defendant's seventh point in

[Smith *v.* Carroll.]

the affirmative without qualification, and thus have peremptorily directed the jury to find a verdict for the defendant. We discover no error in the various rulings of the court with reference to the admission and rejection of evidence, nor are we prepared to say that there is anything wrong in the court's instruction on the question of damages, but for the error above mentioned we must reverse the case.

> The judgment is reversed, and a new *venire* ordered.

A like judgment of reversal, with order for a new *venire* will be entered in the case of the borough of Susquehanna Depot *v.* O. H. Simmons.