## Levenite, Appellant, *v.* City of Lancaster.

*Negligence—Municipalities—Defect in street—Independent contractor—Nonsuit.*

Where an independent contractor employed by a property owner makes an excavation in a street in the construction of a sewer under a permit from the city, and a person is injured by reason of the negligent character of the work, the city is not responsible in damages for the injuries sustained.

Argued May 15, 1906. Appeal, No. 278, Jan. T., 1904, by plaintiff, from order of C. P. Lancaster Co., Aug. T., 1902, No. 68, refusing to take off nonsuit in case of Abraham B. Levenite v. City of Lancaster. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries.

LANDIS, P. J, filed the following opinion :

The facts of this case were not doubtful. J. B. Kreckel, who was the owner of a lot of ground situated on West King street, in the city of Lancaster, which had an old sewer connection, tore down the old house and erected some new brick houses in its stead. He made a contract with Charles F. Stauffer, a contractor, to close up the old sewer and put in a new one lower down the street, and this work was done under a permit taken out in connection with one for the building of the houses. In making the new sewer connection, Mr. Stauffer dug a ditch, extending some distance into the street, and, on the night of November 3, 1901, the plaintiff, as he says, in driving along the street in a careful manner, came in contact with the ditch, his team was upset, and he was dragged a considerable distance, and seriously injured. He thereupon brought suit against the city of Lancaster to recover damages, alleging a want of care in the supervision of its streets, whereby he sustained the injuries complained of. A judgment of nonsuit was entered, because I was of opinion that, under the law no liability rested upon the city under such circumstances, and the request is now made that it be taken off.

A review of the case has fully convinced me that such a

course would be error, and that, under the evidence, no other conclusion can be properly reached than the one arrived at on the trial. In Smith v. Simmons, 103 Pa. 32, it was held that the authorities of a borough may, in cases justified by necessity or custom, license private individuals to occupy public highways to a reasonable extent and for a reasonable time, for private purposes, in a manner which would otherwise constitute a nuisance, and that a ditch dug in a street of a borough, for the purpose of laying a water pipe from a spring to a private dwelling house, in pursuance of a municipal license, is not a public nuisance per se, nor does it make all parties concerned in sinking it liable for any damages that may result from it; and, in Borough of Susquehanna Depot v. Simmons and wife, 112 Pa. 384, which involved the same facts, but was against the borough, instead of against the individual, the Supreme Court decided that a municipal corporation granting to one a license for a purpose proper and lawful, is not liable for any injury by reason of the mistakes or abuse of that license, whether the same be done by an independent contractor for the work from the licensee, or by the licensee himself. In Eby v. Lebanon County, 166 Pa. 632, Judge MCPHERSON entered a judgment of nonsuit on the ground that a county was not liable for an injury caused by negligence of an independent contractor where the county commissioners have not interfered with the conduct of the work so as to control its methods and become responsible masters, notwithstanding the contract, and his judgment was sustained upon appeal; and in Thomas v. Altoona and Logan Valley Electric Railway Company, 191 Pa. 361, a street railway company which let out the construction of its road to an independent contractor and reserved no control over the work than to approve or disapprove it when completed, was determined not to be liable for personal injuries by the negligence of an employee of the contractor. In the leading case of Painter v. Mayor, etc., of Pittsburg, 46 Pa. 213, the court held that a municipal corporation was not responsible for an injury occasioned by the negligence of contractors with it, or of their agents and servants, and that the remedy for the injury was against the contractors alone. See, also, Patton v. McDonald, 204 Pa. 517.

It would seem to be needless to cite more of the numerous authorities in order to prove so plain a proposition. If negli-

gence there was in this case, it was solely that of Stauffer, who was an independent contractor, employed by Kreckle to do his work. The city of Lancaster was not concerned with it and was not liable to respond on the contractor's account. I am, therefore, of the opinion that the nonsuit was properly entered, and I must accordingly discharge the rule to take it off.

Rule discharged.

*Error assigned* was refusal to take off nonsuit.

*B. F. Davis,* for appellant.

*E. M. Gilbert, C. Reese Eaby* and *Geisenberger & Rosenthal,* for appellee.

PER CURIAM, May 24, 1906:

At the trial the plaintiff proved that the excavation in the street was made by an independent contractor under a permit from the city. He might have done better by stopping with the proof of his own case. The argument in support of this appeal is that the city was not relieved from liability because no lawful permit had been obtained. This is a clear shifting of position because of after-discovered law and raises a question not involved in the trial. The case was properly tried on the issue raised, and the judgment is affirmed on the opinion of the learned judge of the common pleas.