## Jameson, Appellant, v. Philadelphia.

*Negligence—Municipalities—Erection of flagpole in city park—Notice—Anticipating negligence—Barriers — Roping off — Nuisance per se—Death—Nonsuit.*

1. The erection of a flagpole by citizens, in an appropriate place in a city park for an Independence Day celebration, is not a nuisance per se.

2. The fact that the superintendent of the park, employed by the city, gave permission to citizens to erect it, will not make the city liable for the death of an onlooker killed by the fall of the pole, where it appears that the city took no part in the erection of the pole, and had no control over the manner of doing the work.

3. In such case the danger of accident was not of the character for which municipalities have been held liable for unsafe conditions in public highways, after notice either actual or constructive, though the conditions were created by others.

4. There was no duty on the part of the city to anticipate negligence by those to whom the superintendent gave permission to erect the pole.

5. Nor was it material that two police officers were present during the progress of the work, even if they assisted in it.

6. Nor was there any duty under the circumstances upon the city to rope off the spot where the pole was erected.

Argued December 3, 1924. Appeal, No. 127, Jan. T., 1925, by plaintiff, from order of C. P. No. 2, Phila. Co., Sept. T., 1921, No. 976, refusing to take off nonsuit, in case of Mary Jameson v. Philadelphia. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before GOR-DON, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting it.

*Joseph R. Embery*, for appellant.—The fact that the city gave permission for the erection of this flagpole did not relieve the city from its duty to protect the traveling public: Johnson v. Phila., 236 Pa. 510.

Ropes or barriers should have been erected and warnings given: Briegel v. Phila., 135 Pa. 451; Rafferty v. Davis, 260 Pa. 563; Carson v. Godley, 26 Pa. 111.

At common law any obstruction which unnecessarily incommodes or impedes the lawful use of the highway by the public is a nuisance: Born v. Plank Road, 101 Pa. 334; Plymouth Twp. v. Graver, 125 Pa. 24; Rosenblit v. Phila., 28 Pa. Superior Ct. 587; Norristown v. Moyer, 67 Pa. 355; McKim v. Phila., 217 Pa. 243.

The city is liable for failure to keep public sidewalks in a reasonably safe condition.

Notice to the city was not necessary to effect the liability of the city: Rockett v. Phila., 256 Pa. 347; Platz v. Twp., 178 Pa. 601.

*D. Byrne Flynn*, Assistant City Solicitor, with him *Bernard J. O'Connell*, Assistant City Solicitor, and *Joseph P. Gaffney*, City Solicitor, for appellee.—The nonsuit was proper: Allegheny v. Zimmerman, 95 Pa. 287; Smith v. Simmons, 103 Pa. 32; Susquehanna Depot

Boro. v. Simmons, 122 Pa. 384; Scibilia v. Phila., 279 Pa. 549.

OPINION BY MR. JUSTICE FRAZER, January 5, 1925:

Plaintiff sued the City of Philadelphia to recover damages for the death of her husband, which resulted from injuries sustained by the fall of a flagpole citizens were raising in a small park located at the junction of Frankford and Kensington avenues, in defendant city. The trial judge granted a nonsuit on the ground of no liability on the part of the city for the negligence of those engaged in erecting the pole. From an order refusing to take off the nonsuit, plaintiff appealed.

The testimony shows that persons living in the neighborhood of the park were desirous of erecting a pole from which to display the American flag as part of a contemplated community Fourth of July celebration. With this end in view, a pole was procured for the purpose indicated. Its location in the park was designated by the city forester, under instructions from the superintendent of the park, at approximately twenty feet from the sidewalk. The pole, sixty-five feet in length and one foot in diameter at the base, was borrowed by the citizens for the purpose, and was delivered at the park July 2d. On the evening of that day a number of persons acting for and on behalf of citizens of the neighborhood interested in the proposed celebration, met at the park, and, aided by a number of bystanders, undertook to raise the pole. For this purpose, rigging borrowed from a contractor was used. In the course of the work, and at a time when the pole had been partially raised, a rope, connected with the rigging, broke causing the pole to fall and strike plaintiff's husband, who was standing on the sidewalk watching those engaged in the work, inflicting injuries which resulted in his death a few hours later. While it appears the city's superintendent of the park consented to the erection of the flagstaff, the municipality was in no manner concerned with its raising.

Plaintiff argues, in effect, that the city is liable because of its ownership of the park ground, and was therefore required to maintain the property in a reasonably safe condition and bound to see that persons using it with the permission of the park superintendent did so without creating conditions dangerous to others having occasion to use either the park or the adjacent streets, that its duty in this respect is founded on its obligation to observe that its parks or streets are kept in a reasonably safe condition for use by the public and that the creating of any condition amounting to a nuisance is not permitted. The city took no part in the erection of the pole, neither had it control over the manner of doing the work. The object was a proper one and not, per se, a nuisance, even though the location was adjacent to a public highway. The erection of flagpoles in public places has, for more than one hundred years, been looked upon as an appropriate and customary method of celebrating Independence Day. The place chosen for raising the pole, in this case, was an appropriate one. Under the circumstances, we cannot hold the mere fact of the erection of a flagstaff at the place chosen was, per se, a nuisance: Allegheny v. Zimmerman, 95 Pa. 287.

The raising of the pole being a lawful act and the location a proper one, the city is not liable for the carelessness of those using the park for the purpose indicated. The danger of accident was not of the character in which municipalities have been held liable for unsafe conditions in highways after notice, either actual or constructive, though the conditions were created by others. No duty on the part of the city existed to anticipate negligence by those to whom its park superintendent granted a privilege for a proper purpose, nor is the city liable for such negligence where it retains no control over the work: Painter v. Pittsburgh, 46 Pa. 213; Susquehanna Boro. v. Simmons, 112 Pa. 384; Smith v. Simmons, 103 Pa. 32; Levenite v. Lancaster, 215 Pa. 576.

Plaintiff seeks to fix liability on the city by reason

of the fact that two police officers were present witnessing the progress of the work. While there is evidence to that effect, it fails to show the officers were assisting those engaged in setting up the pole, or, if so, that they were acting in their official capacity. In either event, their presence or even assistance in the work would not impose liability on the city. It is further argued that a duty was imposed on the municipality to have the street roped off for the purpose of protecting passersby from danger, and thus discharge the obligation resting on it to keep the streets in a reasonably safe condition for travel. We see no reason for demanding such precaution on the part of the city, under the circumstances presented here, and no case has been cited requiring such action.

It is not contended that any officer of the city was aware of the defects in the rope or rigging used in the work, or that either was in any manner faulty. Even assuming the persons engaged in erecting the flagstaff were authorized to do so by the proper authorities, which is by no means clear in this case, the municipality would have a right to assume those so engaged in the work would do so in a proper manner, and, in the absence of express or constructive notice of danger, which the testimony here fails to show, the city would not be liable for injury sustained in the event of accident.

The assignments of error are overruled and the judgment is affirmed.