Miller, Appellant, *v.* Borough of New Oxford.

Argued March 15, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*W. C. Sheely* of *Keith & Sheely,* and with him *Eugene V. Bulleit,* for appellant.—An owner of land abutting on a highway has a right to maintain an underground drain so long as he does not interfere with the use of the surface of the highway: Phoenixville v. Phoenix Iron Company, 45 Pa. 135 and Woodring v. Forks Township, 28 Pa. 355.

*J. Donald Swope,* for appellee, cited: Wayne Sewerage Co. v. Fronefield, 76 Pa. Superior Ct. 491.

Opinion by Parker, J., April 25, 1933:
This is a proceeding in equity brought by the plain-

tiff, a property owner, asking for a mandatory injunction requiring the defendant borough to repair a break in a private sewer laid by plaintiff in a public street. The bill alleged that plaintiff, the owner of a house and lot in the borough of New Oxford, had in 1884 laid a private sewer from his premises for a considerable distance on and along what was then a turnpike, to a point where it discharged on the property of a railroad company; that in 1904 the turnpike was, by decree of court, made free of tolls, and the street came under the exclusive control of the borough; that in September, 1930, and on a later date, the defendant by its agents broke and cut the drain or sewer and stopped it up so that the water from the downspouts and waste water from his cellar was backed up on plaintiff's premises to his great damage; and that, although requested so to do, defendant had refused to repair the drain broken by it or to permit plaintiff so to do. The prayer was for an injunction requiring defendant to repair the drain, remove an obstruction therein, and for "general relief." The lower court on final hearing dismissed the bill.

The plaintiff contends that he has a vested right to maintain this drain and, in support of his position, refers to the case of Woodring v. Forks Township, 28 Pa. 355, where it was held that in the country an owner of land through which a public road passes may cut a passage across the road for the purpose of draining his land or leading water to his mill, subject to the public easement and his duty not to interfere with its use as a highway. We have here, however, a different situation, for this drain extends along the highway a considerable distance from plaintiff's abutting land and the street is in a borough. As to streets and alleys in cities and boroughs, a different rule prevails to some extent. In an urban district

not only is the street intended for passage of persons and vehicles, but the subsoil may be used for the purpose of installing sewers, water and gas pipes, or even subways for electric lines or railways. The necessity for such facilities in a built up district in a borough or city furnishes the reason for giving to such municipalities a control over the subsoil not possessed by a township in a rural district: McDevitt v. People's Natural Gas Co., 160 Pa. 367, 28 Atl. 948.

By the "General Borough Act" of May 4, 1927, P. L. 519, Sec. 1202 (53 PS 13,313), the borough is given power to regulate the roads, streets, lanes, alleys, common sewers, etc., and to prohibit "the erection or construction of any building or other obstruction to the convenient use of the same." This provision is but a re-enactment of the Act of April 3, 1851, P. L. 320, Sec. 2, and the Act of May 24, 1901, P. L. 299. Our Brother KELLER, in Wayne Sewerage Co. v. Fronefield, 76 Pa. Superior Ct. 491, 497, said: "The streets belong to the Commonwealth and any private grant or right founded in whole or in part on the use of the public streets of a locality is necessarily taken subject to the regulatory and supervisory powers of the Commonwealth and its general police power and must be considered to be so limited at the time it is accepted." In Wood v. McGrath, 150 Pa. 451, 456, 24 Atl. 682, the court said: "The streets and alleys of cities, towns and boroughs are under the control and direction of these municipalities, and they have all the power over them that can lawfully exist."

The plaintiff claims not under the borough or by reason of any grant therefrom, but under a grant from an officer of the turnpike company. There is, however, nothing to indicate that such corporation had any estate in the subsoil. The act authorizing the incorporation of such turnpike companies "gives the company no estate in the soil. It gives a right

of way merely'': Fisher v. Coyle, 3 Watts 407, 408. No title can be acquired against the public by a user alone nor lost to the public by a nonuser: Com. v. McDonald, 16 S. & R. 389; Com. v. Moorehead, 118 Pa. 344, 354, 12 Atl. 424. It is apparent that the plaintiff has shown no right to maintain the drain in question.

The plaintiff based his claim for the only specific relief asked for—that the borough be required to repair the drain—on an allegation that the drain was broken by the agents of the borough, but failed to prove such allegation. The chancellor found that the State Highway Department of the Commonwealth of Pennsylvania in 1930 laid a concrete pavement in the center of the street and that in doing this work the drain was broken. Later the State Highway Department constructed a macadam berm outside the limits of the concrete pavement, and the drain, owing to a break in it, was closed so that such work could proceed. The defendant borough let a contract for the construction of a curb along this street when a portion of the drain was found to be in the way of the curb, and the plaintiff was requested to remove it or change it and failed so to do. The contractor removed the drain at the point where it prevented the construction of the curb. Consequently, the only evidence with relation to an interference with the drain was to the effect that such breaking or closing was done by the employees of the Highway Department or the contractor who built the curb. Plaintiff failed to prove that the defendant was responsible for any breaks in the drain. In any event, if the drain was so located that it interfered with the paving and macadamizing of the street or the erection of a curb, the borough would have been warranted in removing such drain from the street. The plaintiff having failed to fasten any responsibility on the borough for the breaking of the

sewer, he must fail in his claim that the borough should be required to repair or replace the drain.

It is further urged that the plaintiff should at least be permitted to repair the drain, and that an injunction should issue preventing the officers of the borough from interfering with the plaintiff in so doing. The difficulty with this suggestion is that there have been no proofs offered that would justify the granting of such relief. As we have heretofore shown, the borough, through its proper officers, had full power to regulate and supervise the use of the public streets. It has been held that a municipality may permit a property owner to excavate in and use a street for the purpose of laying a private water line or drain. See Smith v. Simons, 103 Pa. 32; Borough of Susquehanna Depot v. Simmons, 112 Pa. 384, 5 Atl. 434; Wood v. McGrath, supra. It does not follow that the borough must grant to every applicant who asks such privilege the right to lay drains or pipes in the subsoil not only abutting his own premises, but also those of other owners. If everyone in a borough was permitted to construct his own drain, water lines, and sewer, the streets would be a maze of pipes that would prevent the borough from making the use of the streets that was intended when they were dedicated to or taken for public use. The regulation of such matters is by statute entrusted to the officers of the borough.

There is not any evidence that the officers of the borough have acted in an arbitrary or capricious manner in the exercise of their discretion. The plaintiff has not only failed to furnish any such evidence of abuse of discretion, but if his own evidence is taken at its face, it tends to show that such discretion was wisely exercised. The undisputed evidence shows that it was necessary for those engaged in the laying of the pavement, berm, and curb of the street to interfere with the drain in question. The plaintiff had

knowledge of these facts and was informed that the drain had been broken. When he received such information, he entered into a tentative arrangement with the contractor to furnish such contractor the pipe for repairing the drain, but failed to do so and neglected to take any steps toward such repair or make any request upon the borough authorities for permission to make his own repairs until after the permanent highway had been laid in the street, and until after he had allowed foul water from his sink and cellar to accumulate on the public highway to the annoyance of the citizens of the borough. After the permanent highway had been laid down, he did ask permission to repair the drain. The application came too late. Not only do the proofs fail to show any abuse of discretion upon the part of the borough officers, but the inferences to be drawn from the evidence support their action. The presumption is that the borough officers have acted regularly in the performance of their duties, and the burden was upon the plaintiff to show the contrary. He has not only failed to do so, but has been guilty of such laches as to deprive him of any right to relief.

The judgment of the lower court is affirmed.