## Diehl Storage Company, Inc., v. City of Allentown

*M. L. Shafer*, for plaintiff.

*J. B. Walker*, for defendant.

HENNINGER, P. J., December 21, 1953.—Plaintiff filed a complaint in trespass averring that it is the owner and occupant of premises 128-132 North Eighth Street, Allentown, Pa., that its predecessor in title in 1921 under resolution no. 2226 of the City Council of the City of Allentown, obtained permission to connect its building with the storm sewer at Eighth and

Linden Streets (a half block away) and pursuant thereto laid a pipe underneath Eighth Street at a depth of four to six feet, that the proper officers of the City of Allentown knew or should have known of the existence of the connecting pipe line, that the city awarded a contract to one Collins and Maxwell for the repaving of Eighth Street and furnished the contractor with plans purporting to show the location of all pipes and utilities, but did not inform the contractor of the existence of plaintiff's pipeline, as a consequence of which it was damaged to the extent of $693.33, for the recovery of which the action was brought.

The city solicitor filed preliminary objections: (1) By way of a motion for a more specific pleading, because (a) no copy of resolution attached; (b) no exact location of plaintiff's pipes given; (c) no specification of location of each break, and (d) no statement of instrumentality causing breaks, and (2) by way of demurrer that the facts stated do not constitute a cause of action.

Taking the demurrer first, as we understand plaintiff's argument, it claims to be the holder of a license with relation to the pipes in defendant's streets, which license was unrevoked and in force, that a city is liable for property destroyed in the improvements of highways and that the licensor owed the licensee the positive duty to protect the licensee's property upon the licensor's land.

The question at issue can be limited if we remember that the alleged negligent act of the city was not in damaging the pipes and not on the principle of respondeat superior, but solely on the theory that a city, permitting a property holder to connect with a distant storm sewer, owes a duty to its beneficiary to plot the location of the connecting pipes and to warn its contractor of their existence. It is to be noted that this action is not against the contractor who damaged the

pipes, nor by the contractor against the city for deceit in giving it false information concerning the location of pipes.

Taking the complaint most strongly in plaintiff's favor we assume that the proper officers of the city knew of the existence of the pipes and that they furnished the contractors with a plan showing other pipes and conduits, but not those of plaintiff.

Were this an action by the contractor against the city for indemnification for damages suffered by the contractor by reason of the existence of undesignated pipes there might be some basis for the complaint. But the contractor has not suffered, because plaintiff has not chosen to sue him for the damage he caused to plaintiff's pipes and plaintiff is not interested in any damage directly suffered by the contractor, because of such ignorance or deceit.

What seems to us to be a fatal defect in plaintiff's case is that the city owed no duty to plaintiff to notify a contractor of the existence of plaintiff's pipes. Without such a duty, there is no breach which would constitute actionable negligence.

Another weakness in plaintiff's case is that there is no specific allegation that the damage to plaintiff's pipes was due to the contractor's ignorance of their existence or that it would have been avoided, had the contractor known of their presence.

Plaintiff has filed a very persuasive brief purporting to show the establishment of an irrevocable license, the obligations of a licensor to a licensee, responsibility of a tortfeasor for unforeseen damages, and the responsibility of a municipality for damage to property owners in the repair and improvement of highways.

In the first place, plaintiff could not have had an irrevocable license in the use of the highway. Any grant of rights to the use of the subsoil of a street, even to a public utility, is subject to the police power

of a municipality: Wayne Sewerage Co. v. Fronefield et al., 76 Pa. Superior Ct. 491, 497; Philadelphia Suburban Water Co. v. Pennsylvania Public Utility Commission, 168 Pa. Superior Ct. 360, 371; Miller v. Borough of New Oxford, 109 Pa. Superior Ct. 85, 87.

Furthermore, even if plaintiff had a license, that imposed no positive duty upon the city: Wayne Sewerage Co. v. Fronefield et al., supra, 498.

Any responsibility of a municipality for damage to private property in the building of highways (Allentown v. Kramer, 73 Pa. 406), has not been extended to private property within the confines of a city street. Indeed, Miller v. Borough of New Oxford, supra, a case strikingly similar to ours, holds exactly the opposite. It is to be noted that plaintiff's right to lay pipes under Eighth Street is not specifically given but can only be implied in the grant of the right to connect with the storm sewer at Eighth and Linden Streets.

Plaintiff recites several sections of the restatement on torts. Section 435, which holds a tortfeasor liable, although he may not have foreseen the extent of the harm or the specific manner in which it occurred, does not apply until the tort itself is established.

Section 318 applies only to bodily harm and to intentional harm or an unreasonable risk of harm by a third person on defendant's property and under defendant's control. The harm in this case was neither intentional nor bodily nor did it create an unreasonable risk of harm.

As to §310, that also applies to bodily harm alone and to a knowledge of falsity or knowledge of ignorance. At worst, the city's plan was an incomplete statement and not a misrepresentation.

Again we stress that the basis of this action is not any negligence on the part of the contractor, but

merely the failure of the city to notify the contractor of the presence of plaintiff's pipes.

In deciding as we do, we have not weighed any possibility that 30-year-old pipes might have been damaged even before work began or that they were very vulnerable and might have been damaged, even had the contractor known of their existence and tried his best to avoid them. We have also assumed that the city authorities had a chart of their location, which is extremely doubtful, and that it was the duty of the city to search its records to ascertain what was buried under the street.

Since we are sustaining the demurrer, we need not pass upon the other preliminary objections.

Now, December 21, 1953, defendant's preliminary objection by way of demurrer is sustained and judgment is entered on the pleadings in favor of defendant and against plaintiff.