# John Aiken *v.* The City of Philadelphia, Appellant.

*Municipal liability for defective streets.*

It is the duty of a municipal corporation to see that its streets are kept in a safe condition for the passage of persons and property and if that plain duty is disregarded and injury results to any one the corporation is primarily liable to the injured party.

*Negligence—Municipal neglect of streets—Repairs by a traction company.*

If a traction company chargeable with the repairs of a street is in charge of a street and repairs, the city is not liable for an accident caused thereby, but if it has finished its work and left the street in a dangerous condition, and if that condition has existed long enough to charge the city with notice then the city is liable in damages.

*Measure of damages—Injury from negligence—Profits of business.*

The court having charged, on the question of damages resulting from injury in an accident case, that the plaintiff is entitled to compensation for pain and suffering and any loss of earning power in the past or which he might suffer in the future, it was not error to refuse defendant's point, as follows: " Profits derived from the management of a business enterprise are not earnings and the jury are to disregard any evidence relating to the loss of such profits in estimating the damages, if any, which the plaintiff has suffered."

Argued Oct. 14, 1898.   Appeal, No. 145, Oct. T., 1898, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1895, No. 587, on verdict for plaintiff.   Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Trespass for personal injuries.

It appears from the evidence that the plaintiff was injured by driving into a hole or excavation in one of the streets of Philadelphia.   There was evidence to show that the street in question had been in the hands of the Philadelphia Traction Company undergoing repairs.   Plaintiff's evidence tended to show that a trench dug alongside the tracks had been left open and unguarded for a length of time sufficient to charge the city with constructive notice of its existence.   The defendant introduced evidence tending to show that at the time of the accident the locus in quo was actually in charge of the Philadelphia Traction Company, and that its work was in progress.   The

defendant also offered in evidence ordinance of March 30, 1893, p. 83; also Act of assembly approved May 14, 1857, P. L. 1858, p. 585, imposing on the traction company the obligation of keeping the streets in repair and conferring the right to occupy a portion thereof by their tracks.

Defendant submitted the following points, which were refused by the court:

[1. Under all the evidence in this case the verdict must be for the defendant.] [3]

[3. Profits derived from the management of a business are not earnings and the jury are to disregard any evidence relating to the loss of such profits in estimating the damages, if any, which the plaintiff has sustained. Which were refused with exception to the plaintiff.] [4]

The court charged the jury as follows :

[If the work had ceased, if the traction company had ceased work and had left the highway in a dangerous and unsafe condition, and if that dangerous and unsafe condition had existed so long that the city had notice, or ought to have known of it, then it was the duty of the city to put the highway in repair, and it could have done so and charged the cost to the traction company.] [1] . . . .

[If the company had ceased its work and left the street in a condition which was dangerous and unsafe, and if that condition existed long enough to charge the city with notice, then the city would be liable for damages, if the accident happened without any negligence on the part of the plaintiff.] [2] If you reach that point and decide it in favor of the plaintiff he would be entitled to compensation for his pain and suffering, and any loss in his earning power in the past or which he might suffer in the future. He is a man sixty-five or sixty-six years of age. You have heard the testimony as to his suffering, and the damage alleged. In discussing the question of damages you will not understand me as thereby intimating that the plaintiff is entitled to damages at all. I have only discussed it in the alternative. If you find that the city is liable, under the law, as I have given it to you, then the measure of damages is compensation for the things which I have stated.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Errors assigned* were (1, 2) to portions of the judge's charge, reciting same. (3) In refusing defendant's first point, reciting same. (4) In refusing defendant's third point, reciting same.

*Leonard Finletter*, with him *John L. Kinsey*, for appellant.— If the traction company was in charge of the locus in quo at the time of the accident there could be no recovery against the defendant.

During the performance of this work the agent alone is liable for his negligence, and the doctrine of respondeat superior does not apply.

Tested by these legal propositions the charge was erroneous and worked injury to the defendant in two particulars :

1. Because there was no evidence upon which the question of the abandonment of the work could be left to the jury.

2. Even if there were evidence to justify the learned trial judge in leaving it to the jury to determine whether there had been an abandonment of the work that fact alone would not have made the city liable unless it had notice, either actual or constructive notice by lapse of time, of the abandonment.

It seems almost superfluous to cite authorities upon the proposition that the charge of the court should be confined to the questions raised by the pleadings and the evidence. Should they be needed a host can be found in Pennsylvania: Dooner v. Canal Co., 164 Pa. 17; Mahaffey v. Byers, 151 Pa. 92; Selser v. Roberts, 105 Pa. 242.

Profits derived from the management of a business enterprise are not earnings, and the jury are to disregard any evidence relating to the loss of such profits in estimating the damages, if any, which the plaintiff has sustained.

To hold the city of Philadelphia responsible in this case means that a municipal corporation is liable for the negligence of its licensee when a permit has been granted to do a lawful work upon one of its highways. This is not the law.

This doctrine has been recognized in our courts in Susquehanna v. Simmons, 112 Pa. 384, Wood v. McGrath, 150 Pa. 451, and Boyle v. Hazleton Borough, 171 Pa. 167.

*Samuel Gustine Thompson*, with him *Walter Willard*, for appellee.—The charge of the learned trial judge in the position

taken by him has the substantial basis of authorities: Dillon on Municipal Corporations (2d ed.), sec. 796. See also Scranton v. Catterson, 94 Pa. 205, Tierney v. Troy, 41 Hun, 120, Huntingdon v. Breen, 77 Ind. 29, and Mills v. Phila., 187 Pa. 287.

There was no error in the charge touching the measure of damages. Considering the extent of the injuries it may be said with accuracy that a verdict of $1,000 was excessively moderate. In view of the charge the refusal to affirm defendant's third point could have done the appellant no harm, but the refusal was in the line of judicial decisions: McHugh v. Schlosser, 159 Pa. 480; Railroad Co. v. Butler, 57 Pa. 335.

OPINION BY ORLADY, J., February 17, 1899:

The plaintiff was injured by driving in the night-time into an unguarded hole in a public street in the city of Philadelphia.

A street railway company reconstructed its track and, after relaying the rails, a ditch at the side of the track was allowed to remain open and without protection from the time the work was done in January or February until after May 7, at which time the plaintiff was injured. The material facts shown by the plaintiff as to the size of the ditch, the condition of the work, and the time the ditch was allowed to remain unprotected were denied by the defendant.

The work was done by a traction company, under an ordinance of the city by the terms of which the company was to keep and maintain in good order, at all times, all streets traversed by its lines. It was provided also that in the construction and equipment of its roadbed, the materials, supplies and workmanship were subject in every way and at all times to the approval and inspection of the authorities of the city. The company was to repave in good, substantial and workmanlike manner, and to the satisfaction of the city; and this work was to be pushed and completed with all reasonable and proper diligence, and if not so done, the director of department of public works and public safety was authorized to enter on the streets and complete the work at the expense and cost of the traction company.

In order to effect this improvement, the right of the city to permit the streets to be made temporarily unsafe is not questioned by the appellee. The right to recover is based on the

unnecessary delay in making the street safe for travel after the tracks had been changed, and the negligent manner in which the dangerous place was cared for by the city; as if plaintiff's testimony be believed, it must be presumed to have had notice, or its equivalent, of the unsafe condition.

The time when the work was begun and completed was in dispute, and the jury alone could pass on the question as to whether the accident happened while the work was in progress, or at an unreasonable time thereafter. This question of fact was fairly and plainly left to the jury, viz: " Was the work of the traction company going on at that time and was the excavation a part of that work? If it was, the city is not liable. If the company had ceased its work and left the street in a condition which was dangerous and unsafe, and if that condition existed long enough to charge the city with notice, then the city would be liable for damages, if the accident happened without any negligence on the part of the plaintiff."

Under the ordinance the city did not delegate its control of the streets to the traction company so as to make it an independent contractor, but retained absolute control over the manner of doing the work, and if dissatisfied it could have asserted its authority by doing the work at the cost of the traction company.

The duty of a borough or of any municipality in requiring the property owner to make and maintain a safe sidewalk is secondary and supplemental, and its breach of duty is not in failing to do the work, but in failing to compel the owner to do it: Lohr v. Phillipsburg, 156 Pa. 246; Pittsburg v. Daly, 5 Pa. Superior Ct. 528; but the primary duty of keeping the streets in a safe condition is on the municipality, as was held in Brookville v. Arthurs, 130 Pa. 501. It is undoubtedly the duty of a municipal corporation, having the exclusive care and control of its streets, to see that they are kept in a safe condition for the passage of persons and property, and if that plain duty is neglected, and thereby injury results to any one, the corporation is primarily liable to the injured party: Brookville v. Arthurs, 152 Pa. 334. The action was properly brought against the city, as the injured party may, if he so elects, sue at once the active wrongdoer, who is ultimately liable: Gates v. P. R. R. Co., 150 Pa. 50; 16 La. Ann. Rep. 554, and notes.

In the light of the charge to the jury, it was not error to refuse the third point as stated by the defendant: McHugh v. Schlosser, 159 Pa. 480.

The assignments of error are overruled and the judgment is affirmed.