## Brown v. Towanda Borough, Appellant.

*Negligence—Boroughs—Defect in street—Evidence.*

In an action against a borough to recover damages for personal injuries sustained by the tilting of a loose plank over a gutter, evidence that on the day of the accident a stone step was substituted for the plank is admissible, not for the purpose of showing negligence of the borough, but for the purpose of showing that the borough had dominion or control over the place.

The primary duty of keeping the street in a safe condition is on the municipality, and if that duty is neglected, and thereby injury results to any one, the municipality is primarily liable to the injured party.

Argued Nov. 18, 1903. Appeal, No. 51, Oct. T., 1903, by defendant, from judgment of C. P. Bradford Co., Dec. T., 1901, No. 221, on verdict for plaintiff in case of Lucina Brown v. Towanda Borough. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FANNING, P. J.

The circumstances of the accident are detailed in the opinion of the Superior Court.

At the trial after the plaintiff had testified to the tilting of the plank which caused her injuries she was asked these questions:

Q. Was there anything put in its place?

Objected to as irrelevant, immaterial and inadmissible.

Q. What was put there in the place of the board or plank?

Mr. Mercur: We object that it is irrelevant, immaterial and inadmissible.

Mr. DeWitt: We offer to prove that the board was taken away and a stone put there and that the stone is there yet.

Mr. Mercur: We object to the offer as irrelevant, immaterial and inadmissible.

The Court: I think it is questionable whether it is evidence at all, that a change was made subsequent to the time of the accident.

Mr. DeWitt: This was the very day of the accident and we propose to show that a stone has been placed there where the plank was then.

Objection overruled.

Defendant excepts.

Bill sealed for defendant. [1]

Mr. DeWitt: " Q. What was put there in the place of the board or the plank? A. A stone was put there. Q. State whether the same stone that is there now. A. Well, it looks like the same stone, but I could not say it is the same stone, but it looks like the same one. Q. Have you noticed that the stone that is placed there now rests upon something that is put there to support it and keep it in place ? A. Yes, sir, on iron bars."

The Court: I think we must limit this question to the date of the accident. That was our ruling. I don't think it is material what may be there now, a period of two years after the date of the accident.

Mr. DeWitt: We offer to prove that the stone that is there now is the same stone that was placed there on the day of this accident or injury, and that when placed there, it was placed the same as now, upon irons to support it; and that those irons there at the time this injury was received, with this plank lying loose and upon them. This is for the purpose of showing that the borough allowed its sidewalk to be there with loose plank in it.

Mr. Mercur: We object to the question as irrelevant, immaterial and inadmissible to prove at this remote day the present condition of that crossing.

380    BROWN *v.* TOWANDA BORO., Appellant.

Statement of Facts—Opinion of the Court. [24 Pa. Superior Ct.

The Court: We will permit the plaintiff to show the condition of this step on the day of the accident prior and subsequent thereto.

Verdict and judgment for plaintiff for $575. Defendant appealed.

*Errors assigned* were various instructions; (9) rulings on evidence, quoting the bill of exceptious.

*Rodney A. Mercur*, with him *W. E. Lane*, for appellants.— A municipal corporation is not an insurer against all defects in its highways, but it is answerable for negligence in the performance of its duties and in the construction and care of them. For a defect arising in them without its fault or neglect, it is not liable, unless it has express notice, or the defect be so notorious as to be evident to all passers : Burns v. Bradford City, 137 Pa. 361; Lohr v. Philipsburg Boro., 156 Pa. 246 ; Lohr v. Philipsburg Boro., 165 Pa. 109; Duncan v. Phila., 173 Pa. 550; Mintzer v. Greenough, 192 Pa. 137 ; Fowler v. Jersey Shore, 17 Pa. Superior Ct. 366 ; Sanford v. Union Pass. Ry. Co., 16 Pa. Superior Ct. 393 ; Gilberton Boro. v. Schuylkill Traction Co., 22 Pa. Superior Ct. 279.

Evidence of precautions taken or repairs made after an accident is not admissible as tending in itself to prove prior negligence : Baran v. Reading Iron Co., 202 Pa. 274 ; Elias v. Lancaster, 203 Pa. 638.

*D. C. De Witt*, for appellee.

OPINION BY ORLADY, J., March 14, 1904 :-

From the testimony in this case it appears that in the borough of Towanda, where Court and Main streets intersect, the former is somewhat lower than the latter, and, for the convenience and safety of persons walking along Main street, a plank was placed over the curb, gutter or sluice in Court street, to be used as a step between the levels of the two streets.   This plank was supported by two iron bars which extended across the gutter and rested on its sides so that the water could pass under them. At the time of the accident to the plaintiff a plank nine feet long, ten inches wide and one and one half inches thick rested on the iron rods, so that one end of the plank extended about

three feet beyond the iron bar next to the building line of Main street. . This plank was described as " a new piece of lumber— a new board," and was not fastened to the iron bars supporting it.

The plaintiff, .her daughter and son-in-law,. were walking abreast up Main Street, the plaintiff being on the outside and the son-in-law next to the buildings. When in the act of going over the plank step, the man stepped upon it .first at the end where it extended beyond the iron bar ; his weight caused it to tilt so that his end went down to the ground and the other end was suddenly and forcibly thrown upwards and struck the plaintiff on the right knee and leg producing the in-. juries for which this suit was brought. When the parties withdrew from the plank it settled back to its former place. Several witnesses testified that there was nothing unusual in its appearance, and that it looked to be perfectly safe for use. A plank step had been in service at this place for many years ; it was located on the principal street of the borough and was used daily by a large number of persons. Its position was in the street outside the pavement line ; it covered a gutter or sluice in the roadway at a point where the borough authorities had· exclusive control, and where they were primarily liable for negli-· gent maintenance. From its location, construction, and apparent use it evidently had been placed in accordance with a plan, or under direction of the borough authorities, and until this accident it had been a sufficient arrangement for relieving the obstruction of a high step and open gutter in the highway. It is not contended that the step was an inadequate or that it was a defective construction. The complaint is, that being a new plank or board, not fastened to the iron bars, and so placed as to be dangerous to persons stepping on it, the borough was guilty of negligence; A member of the town council testified that the proper way to make the plank secure was to bolt it fast to the iron straps or bars and that this was the way it had always. been done. The only evidence tending to show control over the place and the plank by the borough authorities is that covered by the ninth assignment of error. The offer was to to show that on the day of the accident a stone step was substituted for the plank and was subsequently maintained on the iron rods.

The evidence was received and limited to the condition of

the step on the day of the accident prior and subsequent thereto. To which ruling of the court, no exception was taken.

Notwithstanding the large number of cases considered and overruled by Judge FELL in Baran v. Reading Iron Co., 202 Pa. 274, there is yet a class of cases where it is entirely proper to receive evidence of acts of repair or construction in order to prove dominion and control over the location.

In Shearman and Redfield on Negligence, sections 59 and 60, the rule applicable to the case is thus stated : " The accident, the injury and the circumstances under which they occurred are in some cases sufficient to raise a presumption of negligence, and thus cast on the defendant the burden of establishing his freedom from fault. When the thing which causes the injury is shown to be under the management of the defendants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from a want of care : " Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497, and cases cited.

The accurate statement of the law is not that negligence is presumed, but that the circumstances amount to evidence from which it may be inferred by the jury : Oil Co. v. Penna. Torpedo Co., 190 Pa. 350 ; Spees v. Boggs, 198 Pa. 112 ; Matthews v. Pittsburg, etc., Railroad Co., 18 Pa. Superior Ct. 10 ; Lewin v. Pauli, 19 Pa. Superior Ct. 447 ; Stephenson v. Penna. R. R. Co., 20 Pa. Superior Ct. 157. The new and unfastened plank being outside the pavement proper but within the roadway, and loosely laid on permanent bars for its support, evidence of the substitution of the stone step for the loose plank was admissible, not for the purpose of showing negligence of the borough but for the purpose of showing control over the place. The primary duty of keeping the street in a safe condition is on the municipality, as was held in Brookville Boro. v. Arthurs, 130 Pa. 501 ; and if that plain duty is neglected, and thereby injury results to any one, the municipality is primarily liable to the injured party : Brookville Boro. v. Arthurs, 152 Pa. 334 ; Aiken v. Phila., 9 Pa. Superior Ct. 502.

The assignments of error are overruled and the judgment is affirmed.

MORRISON, J., dissents.