# Harvey *v.* Chester, Appellant.

*Negligence—Municipalities—Defect in street—Independent contractor.*

The primary duty of keeping its streets in travelable condition is on a municipality, and while it may turn over their control to an independent contractor for specified purposes and limited time, it cannot by contract relieve itself indefinitely from its duty in that regard.

The fact that a city contractor is required to keep a street in repair three years does not relieve the city from liability for an accident happening more than a year after the city had resumed control of the street, where it appears that the accident was caused by a defect in the street.

Where a city is sued for damages for personal injuries resulting from a defect in a street and a contractor who was under a contract with the city to keep the street in repair for three years is called upon to defend and intervenes, such contractor can only be heard upon matters which raise a defense against the plaintiff. He cannot ask the jury to find specially that the accident was due to the action of the city in paving with slag over trenches in the street after they had been filled in by him.

In an action against a city to recover damages for personal injuries alleged to have been sustained by reason of depressions in a street, testimony was given by witnesses for plaintiff acquainted with the locality, as to the size, depth, etc., of the depression. It was disclosed later in the case that the plaintiff had had the depressions measured by a surveyor. The defendant thereupon asked to have the testimony as to the eye measurements stricken out. *Held*, that this request was properly refused, inasmuch as the testimony was competent when it was admitted, and that the more exact evidence subsequently produced tended to discredit its weight, but not its competency.

Argued Feb. 6, 1905. Appeal, No. 83, Jan. T., 1904, by defendant, from judgment of C. P. Del. Co., Dec. T., 1902, No. 20, on verdict for plaintiff in case of William B. Harvey *v.* City of Chester. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,897.88. Defendant appealed.

*Errors assigned* were rulings on evidence referred to in the opinion of the Supreme Court, and in refusing to enter judg-

ment for defendant on the question of law reserved, whether any evidence had been submitted to the jury which entitled the plaintiff to recover.

*A. A. Cochran*, city solicitor, for appellant.

*Joseph H. Hinkson*, for appellee, was not heard.

PER CURIAM, April 24, 1905:

The plaintiff, driving at night an open express wagon loaded with furniture and seated in front on a somewhat raised open seat, was jolted off by the wagon crossing two depressions running across the street at right angles with it, about twenty-five feet apart, each from one and a half to two feet wide and between two and ten or twelve inches deep, according to the testimony of the different witnesses. Except on this last point there was no substantial dispute about the facts. The case presented two questions: first, was the plaintiff negligent in driving as he did; and, second, was the city negligent in permitting the depressions or ruts or gullies, whichever they may be termed, to exist in the street. Both were questions of fact and both were submitted to the jury with correct and adequate instructions.

The defendant claimed that the depressions in the street were caused by the insufficient filling in of trenches dug for putting in water connections by one Riley, a plumber and contractor, and offered in evidence the permit issued to Riley in connection with the ordinance of the city requiring the contractor to keep the street in repair for three years. The purpose of the offer was stated to be to show that Riley and not the city did the filling in, and the city was not responsible for the depressions. On objection the offer was properly excluded. If proved it would have been no defense. The primary duty of keeping its streets in travelable condition is on the city and while it may turn over their control to an independent contractor for specified purposes and limited time, it cannot by contract relieve itself indefinitely from its duty in that regard. The evidence was undisputed that Riley had completed his work in November, 1901, and the city had resumed its control of the street for a year when the accident happened in Novem-

ber, 1902: Rimby v. Philadelphia, 208 Pa. 119. The fact that Riley might still under his contract be answerable over to the city was no defense to the latter against the plaintiff.

The city called upon Riley to defend, and he intervened at the trial for that purpose. But it soon appeared that his chief effort was to show that the defect in the street which caused the accident was due to the action of the city in paving with slag over the trenches after they have been filled in by him. His counsel asked to have the jury find specially on that point. This the court refused to permit and held that Riley could only be heard upon matters which raised a defense against the plaintiff. This was clearly correct. The issue was between the plaintiff and the city and could not be diverted or embarrassed by a subordinate contest between the defendant and its contractor as to their responsibilities between themselves, with which the plaintiff had nothing to do.

Testimony was given by witnesses acquainted with the locality, as to the size, depth, etc., of the depressions. It having been disclosed later in the case that the plaintiff had had them measured by a surveyor, the defendant asked to have the testimony as to the eye measurements stricken out. This was properly refused. The testimony was competent when it was admitted, and the more exact evidence subsequently produced tended to discredit its weight not its competency. The judge very fully explained to the jury their right to draw an unfavorable inference if they believed that the plaintiff having the exact evidence within his reach had declined to produce it and relied on the inferior, calling attention at the same time to the plaintiff's explanation that the actual measurements were not made until seven days after the accident and in the meantime the city had made changes in the street.

Judgment affirmed.