# Drabant, Appellant, *v.* Cure.

*Appeals—Record remitted for opinion—Vacation of judgment.*

1. When, after an appeal has been perfected, the Supreme Court remits the record to the court below for an opinion, the latter cannot vacate the judgment appealed from, but must comply with the order of the appellate court, by giving the reasons for its judgment, and, if it has changed its opinion in the meantime, may add its reasons for the change.

*Appeals—Motion to quash—Notice.*

2. Under the rules of the Supreme Court, a motion to quash will be disregarded unless made and notice given at least five days before the Monday of the week in which the appeal is to be heard.

*Appeals—Judgment—Exceptions—Act of May 11, 1911, P. L. 279.*

3. Section 6 of the Act of May 11, 1911, P. L. 279, 281, obviates the necessity for an exception to the entry of a judgment appearing of record.

*Appeals—Vacation of judgment—Time for appeal from first judgment.*

4. Where a lower court allows a rule to show cause why a judgment should not be vacated and afterwards vacates it, the time for an appeal from the first judgment is tolled while the second remains in force; whether for only so much of the six months as had not expired when the rule was granted, or for the whole thereof, not decided.

*Affidavit of defense—Practice, C. P.—Motion to strike off—Statement—Act of May 14, 1915, P. L. 483.*

5. Judgment cannot be entered for defendant upon an affidavit of defense simply alleging that a statement of claim is vague and indefinite, sets forth conclusions rather than facts, and is self contradictory. The remedy for these defects is a motion to strike off, under section 21 of the Procedure Act of May 14, 1915, P. L. 483, 487.

Argued April 13, 1922. Appeal, No. 339, Jan. T., 1922, by plaintiff, from order of C. P. Lackawanna Co., Oct. T., 1919, No. 645, setting aside order vacating judgment

for defendant, in case of Mary Drabant v. John W. Cure.
Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART
and SCHAFFER, JJ. Reversed.

Proceeding to set aside an order vacating a judgment
for defendant. Before EDWARDS, P. J.

The opinion of the Supreme Court states the facts.

Order vacating judgment for defendant set aside.
Plaintiff appealed.

*Error assigned* was order, quoting it.

*J. Julius Levy*, with him *R. L. Levy*, for appellant.—
Upon the entry of the rule to show cause why a re-argu-
ment should be granted in the lower court, the position
was not taken that the court was without jurisdiction to
vacate its previous order, and the question cannot be
raised upon appeal: Hurt v. Fuller Canneries Co., 263
Pa. 241; Armstrong v. Phila. 249 Pa. 39; Weiskircher
v. Connelly, 256 Pa. 387.

*J. E. Sickler* and *H. D. Carey*, for appellee.—At the
expiration of the term at which it was entered the com-
mon-law power of the court to set aside a judgment
regular on its face, ends: Penna. Stave Co.'s App. 225,
Pa. 178, 180; Mather v. Patterson, 33 Pa. 485; King v.
Brooks, 72 Pa. 363.

The judgment must be set aside, if at all, during the
term: Penna. Stave Co.'s App., 225 Pa. 181.

This court had remitted the record for an opinion
from the court below. Upon fuller consideration, the
court found it impossible to write an opinion sustaining
its order of July 9, 1920. If it was to comply with the
direction of this court, it must write an opinion on the
other side. Surely, the court below must not be con-
demned for writing an honest opinion, or reversing itself.
It is submitted that this court would have reversed the
order of July 9, 1920, if the court below had not. The

court below simply anticipated the action of this court: Gunn v. Bowers, 126 Pa. 552.

OPINION BY MR. JUSTICE SIMPSON, May 8, 1922:

This is a curious and most unsatisfactory record. The court below first entered a judgment for defendant, upon the ground that certain questions of law, raised in the affidavit of defense, were conclusive against plaintiff's right to recover. After the expiration of the term at which the judgment was entered, but within the six months allowed for an appeal therefrom, it granted a rule to show cause why that judgment should not be vacated. On its hearing, without filing an opinion, it made the rule absolute nunc pro tunc, vacated the judgment and allowed defendant thirty days within which to file an affidavit of defense on the merits.

From this defendant appealed; and when the case was called for argument we postponed consideration thereof, until the court below filed an opinion giving the reasons for its action. Instead of doing this, it again reversed itself, set aside the second judgment (thus restoring the first), stating this was done because it had exceeded its power when it vacated the first judgment, after the expiration of the term at which it was entered. This result necessarily was reached by overlooking the fact that, if controlling, the same reason also prevented the vacation of the second judgment, since the term at which it was entered had also expired. Moreover, while the record of the case was under the control of this court, the only power existing in the court below was to comply with our order. It of course had the right, in giving its opinion in obedience to that order, to state why it had vacated the first judgment, and to add it had since become convinced it erred in so doing, giving its reasons for this conclusion also; but beyond this it should not have gone.

From this third judgment, plaintiff prosecutes the present appeal, which defendant moves to quash; but

as notice of the motion was not given to plaintiff "at least five days before the Monday of the week in which the appeal is to be heard,"—as required by the rules of this court,—we will not consider it, further than to call appellee's attention to section 6 of the Act of May 11, 1911, P. L. 279, 281, which obviates the necessity for an exception to the entry of the judgment: Knobeloch v. Pittsburgh, Harmony, Butler & New Castle Ry. Co., 266 Pa. 140.

From the foregoing statement, it is evident that this third judgment must be reversed. If nothing more was done, the effect would be the reinstatement of the second judgment, and from that defendant could then appeal. If he did so, two questions would arise: (1st.) Whether the court below had power, after the term had expired, to vacate the first judgment, which was entered adversely after argument of the questions of law raised by the affidavit of defense; and (2d.) If it had, whether or not those questions of law were conclusive of plaintiff's right to recover. If we sustained defendant's contention on the first point, as he strenuously insists we should,—despite his failure to deny plaintiff's assertion that it was not raised in the court below, at the time the rule to vacate the judgment was made absolute (Hurt v. Fuller Canneries Co., 263 Pa. 238),—it would result in a reversal of the second judgment also and a restoration of the first; and plaintiff would then have the right to appeal. This follows from the fact that the entry of the second judgment,—the effect of which related back to the date of the granting of the rule,—necessarily resulted in tolling the running of the statute fixing the time for taking an appeal. Whether this tolling would be only for the unexpired period of the six months, or for the whole thereof, need not be considered; for in either event plaintiff would have some time within which to perfect his appeal, and doubtless would do so in order to have the case heard by us on the merits. If he did appeal, the second question above referred to would be the only one

arising therein; and as, therefore, this point must be decided on the appeal of one or other of the parties, the avoidance of the delay otherwise resulting, and the necessity for now straightening out the record in order to do justice between them, loudly call upon us to determine that question and finally end this phase of the controversy.

Turning then to plaintiff's statement of claim we find she avers she was the owner of certain specified items of personal property, which were of the value of $5,962.50; that defendant, "wholly without color of right and contrary to law, claiming to act under and by virtue of his election and qualification as trustee in [certain] bankruptcy proceedings [in the estate of one John Komora] did seize and take possession of the said property, while [it was] in the possession of the said plaintiff, and did keep possession [thereof] until disposed of as hereinafter stated [though] * * * informed by the plaintiff at the time of said seizure, that the said property so seized were not the goods of John Komora, the said bankrupt, but were the goods of the said plaintiff;" that she instituted reclamation proceedings in the United States District Court for the Middle District of Pennsylvania (where defendant had been appointed), claiming ownership of said goods; that her claim was dismissed, but the United States Circuit Court of Appeals for the Third Circuit reversed the judgment, decided that the goods belonged to her, and awarded to her their proceeds,— they having been sold by defendant in the meantime,— and she thereupon claimed damages for his wrongful acts.

An affidavit of defense was filed, purporting to raise six questions of law, the first three alleging that the statement of claim is vague and indefinite, sets forth conclusions rather than facts, and is self-contradictory. We held in Rhodes v. Terheyden, 272 Pa. 397, that these objections, even if well founded, do not raise questions of law upon which judgment can be entered for

defendant, but only furnish reasons for striking off the claim, if a motion to do so is made in accordance with section 21 of the Procedure Act of May 14, 1915, P. L. 483. The fourth alleged defect of the statement is that it does not set forth any cause of action. If this is intended to suggest anything else than as specified in the other objections, it must be overruled, since it is clear plaintiff is entitled to recover some damages, a determination of the amount thereof not being required in this stage of the case.

The other reasons assigned are that the matter complained of is res adjudicata and that the court below had no jurisdiction; each objection being founded on the reclamation proceedings above referred to. The United States court, however, sitting as they were in bankruptcy, had no jurisdiction to award to plaintiff, as against the other creditors of the bankrupt, the damages, if any, to which she was entitled because of the taking of her property in the way specified; all they could and did decide was that the property belonged to her, and hence the proceeds thereof should be paid to her. Whether or not the acceptance of the proceeds by her, debars her from recovering the difference between the actual value of the property and the amount she received, we need not and do not now determine; necessarily the facts will be more fully developed at the trial, and possibly this will alter the entire status of the case on the point. We only decide, therefore, that on the facts set forth in the statement of claim, plaintiff is entitled to some damages, to be assessed by a jury as in other cases.

The judgment of the court below is reversed and the record is remitted for further proceedings not inconsistent with this opinion.