School Dist. of Boro. of Eddystone to Use *v.* Lewis
and Maryland Casualty Company.

Argued October 8, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-
NINGHAM, BALDRIGE and WHITMORE, JJ.

*Jno. V. Horan,* and with him *Wm. W. Smithers,* for appellant.

*Lionel Teller Schlesinger,* for appellee.

OPINION BY KELLER, J., December 27, 1930:

In addition to the questions raised by this appellant in its appeals to October Term, 1930, Nos. 347 and 349, (opinion handed down this day), it complains in this appeal, growing out of the same bond, of the action of the court below in overruling its affidavit of defense raising a question of law, that there could be no recovery against it as an additional defendant because the praecipe, affidavit or suggestion for a scire facias to bring in appellant as an additional defendant to the action, and the scire facias issued thereunder, pursuant to the Act of April 10, 1929, P. L. 479, did not set forth the bond on which the defendant in the action relied for its claim over against this appellant.

The Act of 1929, supra, is an endeavor on the part of the Legislature to speed the disposition of related controversies growing out of the same cause of action and afford the defendant therein an opportunity to bring in as additional defendants persons alleged to be liable over to him for the cause of action declared

on, or jointly or severally liable therefor with him. As was pointed out by the Supreme Court in First National Bank of Pittsburgh v. Baird, 300 Pa. 92, it is the duty of the courts so to construe the act as to further the accomplishment of the objects in view in its enactment, and not to put unnecessary obstacles in the way of the relief intended. Difficulties of procedure will no doubt arise from time to time in establishing a practice so different from the usual course at law, but these can be disposed of without injustice to anybody if the end in view be kept in mind, until the practice is settled by rule, statute or decision.

We are of opinion that where the defendant in the action relies upon some bond, contract or writing not appearing in the plaintiff's statement filed in the action, to establish the liability of the additional defendant over to him, either wholly or in part, he should set out such bond, contract or writing in his praecipe, affidavit or suggestion for the scire facias to bring in the additional defendant, just as he would do in his "statement" if he were bringing an original action against such additional defendant on the bond, etc., and a copy thereof should be served with the scire facias so as to inform the additional defendant fully of the nature of the claim against him; but if the latter feels that the praecipe, affidavit or suggestion and the scire facias are not sufficiently specific in their averments or do not contain writings which should be pleaded, the remedy is not to file an affidavit of defense raising a question of law and asking for judgment in favor of the additional defendant, but to rule the original defendant for a more specific praecipe, affidavit or suggestion, or move to strike it off, as the case may be, in analogy to the practice with respect to plaintiff's statements: Rhodes v. Terheyden, 272 Pa. 397, 401; Drabant v. Cure, 274 Pa. 180; Franklin Sugar Refining Co. v. Lykens Mercantile Co., 274 Pa. 206. We think the

lower court did not err in refusing to enter judgment for the additional defendant on the question of law.

Following this decision the appellant filed with its affidavit of defense on the merits a copy of the bond relied upon by the appellee, and thus brought upon the record the contract upon which appellee sought to hold appellant liable over to him for the payment of any judgment recovered against him in the original action.

While we feel that it would have been better practice for the appellee to have set forth a copy of the bond with its praecipe, etc., nevertheless in view of the uncertainty relative to the procedure under this new act, we do not feel required to reverse on this ground and refer the case back for a formal pleading of the bond, when the appellant has itself pleaded it and failed to set up a good defense to the claim thereunder against it.

The assignments of error are overruled and the judgment is affirmed.