Rudman et ux. v. City of Scranton et al., Appellants.

Argued March 6, 1934.

Be-fore Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*E. V. McLaughlin,* Assistant City Solicitor, and with him *A. A. Vosburg* and *A. S. Rosenberg,* for appellant.

*Clarence Balentine* of *Kelly, Balentine, Fitzgerald & Kelly,* for appellee.

OPINION BY PARKER, J., July 13, 1934:

Simon Rudman and Bertha Rudman, his wife, brought an action in trespass against the City of Scranton for damages resulting from personal injuries sustained August 22, 1932, by Bertha Rudman, and in their statement of claim alleged that the city was negligent in that it allowed and permitted a hole, depression, or defect, which caused the injury, to remain in a public highway. The suit was instituted on February 20, 1933, and on March 4, 1933, the defendant filed a praecipe for a sci. fa. to bring in the Spring Brook Water Service Company as an additional defendant, pursuant to the provisions of the Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663 (12 PS 141). The praecipe contained a statement of reasons why the Spring Brook Water Service Company was liable to the City of Scranton for the amount of any judgment that might be recovered against it. It was there alleged that on June 27, 1929, the city issued to the Spring Brook Water Service Company, on its application, a permit to occupy a portion of the street, where the accident occurred, for water service, and that a permit

was issued to the Spring Brook Water Service Company permitting it to dig or cause a tunnel to be constructed to the curb line under a brick gutter, and that the water company undertook to be responsible for and pay "all loss or damage to either person or persons or property which in any manner arise [arose] by reason of the occupying or the prosecution of, or resulting from said work." There was attached to the praecipe a copy of such permit. It was further alleged that the water company made a cut in the pavement and caused a tunnel to be constructed to the curb, and that in back filling the tunnel, the earth or filling was not replaced in its former secured condition and as a result of such defective replacement the gutter drooped or caved in at the point where the plaintiff wife was injured, and that "the Scranton Spring-Brook Water Service Company, additional defendant, is primarily responsible for the defective maintenance condition of the cartway on Quincy Avenue, which plaintiff alleges caused the injury for which suit is brought."

The Spring Brook Water Service Company filed an affidavit of defense raising questions of law and assigned eight reasons why the scire facias was not sufficient. An objection to the scire facias was sustained and the writ quashed.

The court below based its action solely on the fact that the accident happened two years after the filling and repairing of the street by the water company. As the appellee admitted at bar in this court, the reason assigned by the lower court was not a valid one. The Act of June 24, 1895, P. L. 236, §2 (12 PS 34), provides as follows: "Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time *when the injury was done* and not afterwards." (Italics ours.)

The action accrues when the damage is sustained by the plaintiff, not when the causes are set in motion ultimately producing injury as a consequence: Pollock v. P. B. & L. E. R. R. Co., 275 Pa. 467, 119 A. 547; Noonan v. Pardee, 200 Pa. 474, 50 A. 255. Consequently, the claim against the water company was not barred by the statute. Viewing the case as it concerned the rights between the two defendants arising from a contract express or implied, and remembering that the issuing of the scire facias was the equivalent of a notice to defend the action and the circumstances here present, the statute of limitations would not begin to run against the city until the city is compelled to pay the judgment recovered against it or, at best, until a judgment is recovered: Ashley Boro. v. Lehigh & Wilkes-Barre Coal Co., 232 Pa. 425, 81 A. 442.

As is suggested by the appellee, where a court in an opinion "gives a wrong reason for a rightful conclusion, and it appears that there is no trace of the erroneous view in the record of the trial, nor that it was in any way productive of the verdict that was rendered, the appellate court will not reverse the judgment because of the wrong reason thus given": Clegg v. Seaboard Steel Casting Co., 34 Pa. Superior Ct. 63; Jeannette Planing Mill Co. v. Greenawalt, 11 Pa. Superior Ct. 157; Piper's Appeal, 20 Pa. 67.

The appellee now relies not upon the reason assigned by the court below to sustain its order, but upon several other objections which it raised in the court below to the sufficiency of the scire facias, but which were not considered there. The appellee in that connection contends (1) that "the scire facias cannot be sustained by the proposition that the water company is liable to the city in assumpsit for the maintenance of Quincy Avenue up to August 22, 1932;" (2) that "the scire facias is insufficient because it fails to

allege that the additional defendant is 'liable over,' 'jointly or severally liable,' or 'alone liable;' '' (3) and that the scire facias ''is defective in substance because the water company is not primarily liable for the cause of action sued on.''

''The writ of scire facias operates not only as a method of bringing a party into court, but, in addition, becomes a pleading and must, therefore, state a good cause of action'': Nunamaker v. Finnegan, 110 Pa. Superior Ct. 404, 409, 168 A. 482. ''We are of opinion that where the defendant in the action relies upon some bond, contract or writing not appearing in the plaintiff's statement filed in the action, to establish the liability of the additional defendant over to him, either wholly or in part, he should set out such bond, contract or writing in his praecipe, affidavit or suggestion for the scire facias to bring in the additional defendant, just as he would do in his 'statement' if he were bringing an original action against such additional defendant on the bond, etc., and a copy thereof should be served with the scire facias so as to inform the additional defendant fully of the nature of the claim against him; but if the latter feels that the praecipe, affidavit or suggestion and the scire facias are not sufficiently specific in their averments or do not contain writings which should be pleaded, the remedy is not to file an affidavit of defense raising a question of law and asking for judgment in favor of the additional defendant, but to rule the original defendant for a more specific praecipe, affidavit or suggestion, or move to strike it off, as the case may be, in analogy to the practice with respect to plaintiff's statements: Rhodes v. Terheyden, 272 Pa. 397, 401; Drabant v. Cure, 274 Pa. 180; Franklin Sugar Refining Co. v. Lykens Mercantile Co., 274 Pa. 206;'' Sch. Dist. Eddystone v. Lewis, 101 Pa. Superior Ct. 588, 590.

The praecipe for the scire facias followed the form prescribed by the Supreme Court in the case of Vinnacombe v. Phila., 297 Pa. 564, 147 A. 826, and in our opinion stated a good cause of action. Prior to the amendment of 1931 the Supreme Court, in the Vinnacombe case (pp. 569, 573), said: "Nothing in the act shows the slightest intention to affect plaintiffs in such suits. Consequently, the adding of additional defendants will give no higher right to plaintiffs than they had before. As to them the action proceeds against the original defendant only, exactly as it would have done if the additional defendants had not been named, except that the court below, in the exercise of a sound discretion, should give to the original defendant, who acts promptly, a reasonable extra time to bring the additional defendants upon the record, before being required to file an affidavit of defense or plea ...... The issues raised by the scire facias and the proceedings following it, are between the two classes of defendants only, and are, in form and effect, in assumpsit (Phila. v. Reading Co., 295 Pa. 183), whether the original proceedings are in assumpsit or trespass." Also, see First Nat. Bk. of Pgh. v. Baird, 300 Pa. 92, 95, 150 A. 165. The amendment of 1931 made important changes in the procedure by providing that a defendant may sue out a writ of scire facias to bring upon the record as an additional defendant "any other person alleged to be alone liable or liable over to him for the cause of action declared on, or jointly or severally liable therefor with him," and where it shall appear "that an added defendant is liable to the plaintiff, either alone or jointly with any other defendant, the plaintiff may have verdict and judgment or other relief against such additional defendant to the same extent as if such defendant had been duly summoned by the plaintiff and the statement of claim had been amended to include

such defendant, and as if he had replied thereto denying all liability.'' (12 PS 141).

The praecipe not only set out facts which, if proved, would sustain a verdict by the plaintiffs against both the city and the water company, but also a judgment by the city against the water company if there should be a judgment against the city. This is the plain import of the language used in the praecipe for it claims over against the water company for the amount of any judgment that may be recovered against the city, and also alleges that the water company is primarily responsible for the defective condition of the cartway which plaintiffs alleged caused the injury of which they complain.

The first and third reasons now urged may be considered together. At the outset it should be observed that the issue raised here at this time arises on an affidavit of defense raising a question of law. ''The question to be decided under Section 20 of the act [Practice Act of 1915] which provides only 'a substitute for the common law demurrer' (Hutchinson Baking Co. v. Marvel, 270 Pa. 378, 381), is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows, as a 'question of law,' that plaintiff is not entitled to recover'': Rhodes v. Terheyden, 272 Pa. 397, 401, 116 A. 364. Such summary judgments should be entered only in clear cases, and if there is doubt as to the right to enter such summary judgment, it should be resolved against the motion: Kidder Elevator Interlock Co. v. Muckle, 198 Pa. 388, 48 A. 272; Commonwealth Finance Corp. v. Ferrero, 269 Pa. 264, 112 A. 449; Rhodes v. Terheyden, supra.

The appellee urges that the primary duty of maintenance of a cartway is upon a city and that, therefore, there cannot be a primary duty upon one who is li-

censed to use the cartway. It is true that the cases hold that there is a primary duty upon a city to keep the cartway of its streets in proper condition (Harvey v. Chester, 211 Pa. 563, 564, 61 A. 118), and that the duty of a municipality to require the property owner to make and maintain a safe sidewalk "is secondary and supplemental, and its breach of duty is not in failing to do the work, but in failing to compel the owner to do it": Aiken v. Phila., 9 Pa. Superior Ct. 502, 506. The flaw in this suggestion is that the cause of action which is here alleged by the city against the water company is not a failure upon the part of the water company to maintain the streets, but its failure to make the excavation and replace the dirt in a workmanlike manner so that the ground would remain solid, with the result that the pavement caved and caused the depression which is made the basis of the action of the plaintiffs against the city. While in the case of cities there is reserved to the city the right to regulate the occupation of its streets by either public service companies or individuals, it was nevertheless contemplated that the city would extend to public service companies or individuals, subject to reasonable regulation, the right to occupy streets at times temporarily and at other times permanently, for the purpose of accomplishing the objects for which highways in municipalities are intended: Miller v. Boro. of New Oxford, 109 Pa. Superior Ct. 85, 165 A. 766; McDevitt v. People's Nat. Gas Co., 160 Pa. 367, 28 A. 948. Nevertheless, when such right is granted and such use is made of the street by a public service company or individual, there is a primary duty upon the licensee to respond for damages occasioned by a failure to perform the work in a proper manner. Neither do we regard the use of the word "primarily" here as creating any ambiguity.

The permit granted in this case provided for a de-

posit by the water company to be held for a period of time when it might be returned. There is nothing, however, in such permit from which it could be concluded that the return of the deposit released the water company from liability.

The appellee further contends that the praecipe is defective because the city failed to specifically aver in so many words that the water company was liable either jointly or severally with the city or alone liable. This is not a valid objection. The city has pleaded the facts, as it was its duty to do, and not a mere conclusion. If the city had confined its statement in the praecipe to an averment that the company was either jointly or severally or alone liable, then undoubtedly the water company would have been here contending that a mere legal conclusion had been pleaded and not the facts. The facts pleaded disclosed the nature of the claim and this was sufficient. In any event, it cannot be decided as a question of law that the plaintiff is not entitled to recover. If the water company desired and was entitled to more definite information, its proper remedy was a motion for a more specific averment.

The judgment of the lower court is reversed and a procedendo awarded.