## Cummings v. Rees, Inc.

*Samuel Gubin* and *Witmer & Rice*, for petitioner.
*Richard H. Klein*, contra.

MORGANROTH, P. J., June 15, 1937.—Defendant issued its writ of sci. fa. in accordance with the provisions of the Act of May 18, 1933, P. L. 807, which amended the

Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663, to bring upon the record, as an additional defendant, J. Paul Garrett, whom defendant alleges is jointly or severally liable for the cause of action declared on in this case "for the reason that the said J. Paul Garrett so negligently, recklessly and carelessly operated" an automobile owned by plaintiff as to collide with the automobile owned by the original defendant, the operation of which automobile by defendant's agent, plaintiff alleges, caused the damages for which the action was instituted.

On Garrett's petition a rule was granted on defendant to show cause why the præcipe for the writ and the writ of sci. fa. should not be stricken from the record and service thereof be set aside. The original defendant filed its answer to the petition.

Garrett contends that the præcipe and writ of sci. fa. do not state the reasons why he is jointly or severally liable, and therefore do not set forth a good cause of action against him as additional defendant. The question involved is whether or not the mere averment that the said additional defendant "negligently, recklessly and carelessly operated" an automobile states a cause of action sufficient to bring the additional defendant upon the record.

In Vinnacombe et ux. v. Philadelphia & American Stores Co. et al., 297 Pa. 564, it is held that the Sci. Fa. Act of 1929 does not require that the manner in which the liability over (in this case, by virtue of the more recent acts, the joint or several liability) to defendant arises shall be set forth in the preliminary proceedings leading up to the issuance of the sci. fa. any more than this is required in the institution of an ordinary suit. The act simply specifies that the original defendant shall allege that the additional defendants, sought to be added, are so liable.

The well-known form of præcipe for the writ suggested in that case is as follows:

"To the Prothonotary of said Court:

"Issue a writ of scire facias in accordance with the provisions of the Act of April 10, 1929, P. L. 479, to bring upon the record, as additional defendant. . . . . . . . . . . . . . . . . . . . . . . . . ., whom defendant alleges is liable over to him [or jointly or severally liable with him, as the case may be] for the cause of action declared on in this case, to the extent of the whole [or a stated part, as the case may be] of the amount which may be recovered therein against him, for the reason that [here briefly state the reason why defendant claims that the additional defendant is thus liable]. Returnable sec. reg.

"  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                   "Attorney for Defendant."

To the phrase "here briefly state the reason why defendant claims that the additional defendant is thus liable" is appended a footnote citing several illustrations of that which is required to be inserted as the reason. There is no illustration covering a case similar to the one we are here considering, where the driver of plaintiff's car is sought to be named as an additional defendant. In the instant case the pleadings disclose that Garrett drove the automobile of plaintiff, who in his statement of claim alleges that the driver of defendant's car, "while rounding a curve, negligently, carelessly and unlawfully drove, operated and propelled defendant's automobile, at a high, dangerous and excessive rate of speed, in a northerly direction, to the left of the center of the road in the direction in which he was going, directly into the automobile of plaintiff, causing a head-on collision".

Defendant in its affidavit of defense avers that plaintiff's driver drove "at a high, dangerous and excessive rate of speed in a southerly direction and to the left of the center of the road in the direction in which he was going, directly into the automobile of the defendant."

Plaintiff's statement of claim was served on the additional defendant together with a writ of sci. fa. In the statement of claim it is averred that the additional de-

fendant was operating an automobile on the proper side of the road. If it were the proper practice, and had the affidavit of defense also been served upon the additional defendant, he would have known particularly from that pleading wherein he was charged with negligence. But as the service upon the additional defendant now stands, he is charged generally with operating plaintiff's automobile "negligently, recklessly and carelessly."

It is held in Rudman et ux. v. City of Scranton et al., 114 Pa. Superior Ct. 148, that the writ of sci. fa. becomes a pleading, and must therefore state a good cause of action. In that case defendant in the action relied upon a contract or writing not appearing in plaintiff's statement to establish the liability of the additional defendant over to him, and it was held that defendant should set out such contract or writing in his præcipe for the sci. fa. to bring in the additional defendant, just as he would do in his statement if he were bringing an original action against such additional defendant. If we follow the reasoning of that case, we arrive at the conclusion that it is necessary, where a defendant charged with negligence seeks to prefer a counter-charge of negligence against his plaintiff, that he plead of what that negligence consists. In other words, he must state a good cause of action.

In Beishline v. J. F. Kressly Est., Inc., et al., 26 D. & C. 585, decided by the learned Judge Stewart of Northampton County on April 6, 1936, it was held that a writ of sci. fa. to join an additional defendant will be stricken from the record for duplicity if it avers both a sole and a joint liability. While that case was decided upon an issue differing from the one here raised, we note that there the præcipe directed the writ to issue "for the cause of action declared on in this case to the extent of the whole or an equal portion of the amount which may be recovered therein against it for the reason that", and here follows a number of paragraphs setting forth the particular carelessness and negligence charged, to wit, operation

of the automobile at a high rate of speed, failure to have it under proper control in negotiating a curve, driving over the left side of a white painted line, violating the statutes pertaining to speed and control of automobiles at curves, and otherwise failing to regard the rights and safety of others lawfully using the highway. "And hence," the writ continues, "the said A. Whitenight [the additional defendant sought to be brought upon the record] was primarily responsible for the collision of his motor vehicle with the truck" of defendant, which plaintiff alleges caused the injuries for which suit was brought.

In the absence of any specific rule of court applicable to this case regulating the practice under the acts of assembly hereinabove stated, we are of opinion that where a defendant charged with negligently colliding with plaintiff's driver seeks in turn to charge plaintiff's driver with negligence he should state in his præcipe a good cause of action, that is, a specific averment of what the negligence of plaintiff's driver consists.

And now, June 15, 1937, rule absolute, with leave to defendant to issue within 15 days another writ of sci. fa. to bring the said J. Paul Garrett on the record as an additional defendant, stating a good cause of action in accordance with this opinion.