## Hall et al. v. Tuccelli et ux.

*H. Russell Stahlman,* for plaintiffs.

*August L. W. Sismondo,* for defendants.

BURNSIDE, J., September 28, 1940. — On August 5, 1940, plaintiffs filed a statement of claim, setting forth that a few days before February 12, 1935, defendants entered into an oral contract of sale for the installation of an XX Century furnace in the home of defendants; that by the terms of the oral contract plaintiffs agreed to install in defendants' home the furnace complete with pipes and registers, and defendants agreed to pay, upon completion of installation, the sum of $275; and that, in pursuance of said contract, plaintiffs did install said furnace and pipes, which work was fully completed "in strict accordance with the oral contract both as to materials and workmanship".

534

Defendants filed a motion to strike off plaintiffs' statement of claim, for the reason that it is vague, indefinite, and uncertain. We feel that defendants are entitled to a more comprehensive statement of plaintiffs' claim than has been set forth.

Paragraph 3 of plaintiffs' statement does not set forth the partner or partners with whom defendants are alleged to have entered into the oral contract. As there are several sizes of XX Century furnace, it should be alleged what particular furnace was contemplated by the contract. Paragraph 4 is vague and indefinite in that there is not sufficient description of the pipes and registers contracted for. Neither does the statement show how many rooms were to be fitted with pipes and registers. The averments in paragraph 5 to the effect that the work was fully completed "in strict accordance with the oral contract both as to materials and workmanship" is, under the authority of Hoopes Bros. & Thomas Co. v. Dietz, 39 York 173, a mere conclusion of law. In said case, the statement of claim alleged that goods were delivered "in accordance with the terms of said contract", and it was held that such allegation was a conclusion of law, and that the facts upon which such conclusion was based should have been set forth.

Where there is a good cause in substance but the statement is vague and indefinite, the proper remedy is by motion to strike off: Collello v. Darras, 2 Wash. Co. 14; Drabant v. Cure, 274 Pa. 180; Rhodes v. Terheyden et al., 272 Pa. 397.

And now, September 28, 1940, the court, being of opinion that the statement of claim is not so drawn as to conform to the provisions of the Practice Act of May 14, 1915, P. L. 483, does hereby order that said statement of claim be, and the same hereby is, stricken from the record, with leave to plaintiffs to file a new statement of claim in its place.