## Brecht et vir v. City of Philadelphia et al.

*M. Brooks* and *Meyer, Lasch, Hankin & Poul*, for plaintiffs.

*F. F. Truscott*, City Solicitor, for defendant City.

*M. E. Cohen* and *Meyer, Lasch, Hankin & Poul*, for defendant Mary V. W. Brecht.

DAVIS, J., June 26, 1952.—This matter is before the court on plaintiff's petition for discovery of witnesses (rule 4007 (a)) and of facts (rule 4005) through written interrogatories.

Plaintiff's petition set forth that she was injured in an automobile accident. The car which she was driving skidded on ice and collided with another automobile. She charges the city with responsibility for the icy condition of the street that caused her car to skid.

Plaintiff seeks discovery of witnesses and facts because the city has refused her attorney access to its records and because she had no opportunity to investigate the accident because of her immediate removal to a hospital thereafter.

The first of plaintiff's eleven interrogatories is for the discovery of witnesses and the objections thereto will be discussed infra. The rest of the interrogatories are for the discovery of facts.

Interrogatories 2 and 3 in part are objected to on the ground that evidence of precautionary measures taken after an accident by a defendant raises no inference of negligence and is irrelevant and inadmissible to prove defendant's negligence. The ground for the objection properly states the well-known rule of rele-

vancy with regard to the admissibility of such evidence to establish negligence at trial. See Baran v. Reading Iron Company, 202 Pa. 274. However, whether that narrow rule bars discovery of such facts under rule 4011(e)(1) and (2) involves different considerations. There is no doubt that such evidence might be admissible for other purposes at trial. See Brown v. Towanda Borough, 24 Pa. Superior Ct. 378; Lederman v. Penna. Railroad, 165 Pa. 118; Brown, Pa. Evidence, 80-81. Since relevancy is the real ground for barring such evidence at trial, we must carefully follow the path charted for us in ruling on questions of relevance at this stage of the instant proceedings contained in rule 4011(c)(1). That rule prohibits discovery of facts "which are not relevant and material to *the subject matter* of the pending action;" (Italics supplied). We are not constrained to prohibit discovery of facts not delevant to *the issues* in the case at this time. The broader scope of the rule is in recognition of the fact that in many cases the issues involved may not be clearly defined at this early stage of litigation. We are not convinced that the facts sought to be discovered are irrelevant within the meaning of the rule. In reaching this conclusion we are in accord with the excellent statement of the rule of relevancy in discovery proceedings by MacNeille, P. J., in Klosterman et ux., v. Clark et al., 78 D. & C. 263, that ". . . determinations of irrelevancy are not to be loosely made upon the assumption that by possibility an answer may be irrelevant."

Interrogatories 3, in part, and 4 are objected to on the ground that since the facts to be discovered appear in the complaint, these facts are already known to plaintiff and the interrogatories for that reason are violative of rule 4011(c)(3), which prohibits discovery of facts already known to a petitioner or the means of obtaining knowledge of which he can be rea-

sonably expected to have. The rule is inapplicable to the instant case.

"It is not to be presumed that, because a complaint or answer sets forth a cause of action or defense, no inquiry may be made as to the facts averred. Averments made on information and belief may be provable by facts within the possession of the opposing party": Klosterman et ux v. Clark et al., supra, p. 264.

The mere fact that a plaintiff alleges facts does not show or establish that he knows those facts or has means of obtaining them.

Defendant must go further than to offer such narrow objections. Where a petitioner shows a prima facie case for discovery within the limits of the rules, the burden is upon the objecting party to show that his objections to interrogatories should be sustained: 5 Anderson, Pa. Civil Pract. 150. In this regard it is to be noted that rule 4012 (c) makes no provision for the manner of disposing of objections or of determining disputed issues of facts. Mr. Anderson states that it is a matter for local procedure to regulate. To date, our Philadelphia rules contain no supplemental regulation. Two of our courts of common pleas have stated that rule 4012 (c) does not provide for the usual petition and answer procedure to be followed by depositions if petitioner does not wish to be bound by the allegations in the answer. See DeSimone v. City of Philadelphia, 78 D. & C. 433 (Bok, P. J.); Kazinetz v. Ward & Ward, Inc., et al., C. P. No. 3, June term, 1950, no. 3569 (MacNeille, P. J.). Since the issue is not clearly raised at this time, in view of the grounds for the instant objections, we do not feel compelled to express our views on this issue.

Interrogatories 7, 9, 10 and 11 appear to be objected to on the ground of relevancy. Interrogatory 7 seeks discovery of evidence which may well be relevant since it goes to the issue of notice, an indispensable element

of plaintiff's case. The same objection to interrogatories 9, 10 and 11 and the additional objections to these latter interrogatories are considered to be without merit.

The general objection to interrogatory 1, above referred to, is that plaintiff seeks discovery of witnesses who have knowledge of the specified facts. Plaintiff asked the identity and whereabouts of witnesses "known to [defendant] who have knowledge of the following facts. . . ." The objection is without merit. The very purpose of the rule (4007(a)) is to allow discovery of witnesses who have knowledge of the relevant facts. See 5 Anderson, Pa. Civil Pract. 203. The phraseology of the interrogatory above quoted is compatible with the purpose of the rule. The limitation contained within the first interrogatory that the witnesses be *known* to the city, disposes of that objection of the city.

The objection that to find such witnesses involves the city in unreasonable investigation (rule 4011(f)) is without merit. This rule has no application to the discovery of witnesses. Such discovery is not subject to the limitations of rule 4011, for unlike rules 4005, 4007(b) and 4009, rule 4007(a), relating to the discovery of witnesses, does not contain the provision "subject to the limitations of rule 4011." Rule 4011 sets forth the express limitations applicable to discovery under the procedural rules. However, it is to be noted that rule 4007(a) provides that the court on petition *may* allow the discovery of the identity and whereabouts of witnesses. It would seem that the scope of discovery of witnesses is a matter of the court's discretion not expressly limited by the rules. Since the interrogatory is self-limited to witnesses known to defendant, we will permit the discovery of the witnesses sought who are known to defendant. See generally 5 Anderson, Pa. Civil Pract. 205.

In view of the foregoing, interrogatories 1(a), 1(b), 1(c) and 1(e) are sustained. Since the clause in 1(d) which has been objected to, viz., "or had previously been formed", does not add to the clarity of the request and may render answering such interrogatory difficult, this clause is stricken. 1(f) is allowed as its meaning is clear when a practical interpretation is given the word "events".

### Order

And now, June 26, 1952, upon consideration of plaintiff's petition for discovery, and after hearing, it is hereby ordered and decreed that the approved interrogatories (1(a), 1(b), 1(c), 1(d) as above modified, 1(e) and 1(f) and 2-11) attached to the petition, addressed to defendant, be and they are hereby approved; that plaintiff is hereby granted leave to serve the interrogatories upon defendant, together with a copy of this order, and that defendant is directed to file verified answers to the interrogatories addressed to it within 20 days after such service.